# WASHINGTON COUNTY.

## March Term, 1842.

Present, Hon. STEPHEN ROYCE,
   "    JACOB COLLAMER,      ⎫
   "    ISAAC F. REDFIELD,   ⎬ *Assistant Justices.*
   "    M1LO L. BENNETT,     ⎭

## William Noyes *v.* Ira Day.

It seems that a forbearance to bid ˜at a public auction, for the sale of the
support of the paupers of a town, is a good consideration for a note given
for such forbearance.

But such a transaction is contrary to public policy and the note is, there-
fore, void.

Assumpsit upon a promissory note made by defendant to plaintiff. Plea, general issue and trial by jury.

On the trial in the county court the defendant introduced testimony tending to prove that the note in question was given by the defendant in consideration that the plaintiff would forbear to bid for the support and maintenance of the town paupers of the town of Barre, for the year ensuing the date of said note, at a public auction held for that purpose, —the defendant being himself a bidder at such auction and wishing to bid off the support of such paupers.

The court instructed the jury that, if they found such to be the consideration of the note, it was void, and they should find for the defendant; to which instruction, after verdict and judgment for the defendant, the plaintiff excepted.

WASHINGTON,
March,
1842.

Noyes
v.
Day.

*N. Kinsman*, for plaintiff.

1. The plaintiff insists that the note in question was given for a good consideration, for, on the part of the plaintiff, it was a suspension or forbearance of his right by which he sustained a detriment, at the instance of the defendant, and for his, the defendant's, benefit. And that which is either a matter of advantage to the promissor, or a detriment to the promissee or both, brought about in consequence of a previous request of the promissor, express or implied, is a good consideration. Fell on Guaranties, 3, 4. 1 Swift's Dig. 187. Chitty on Contracts, 7. *Burnham* v. *Burnham,* 8 Conn. R. 469. 1 Chitty on Contracts, 516–19 and 535.

2. The plaintiff contends that the suspension of his right to bid for the support of the town's poor, was not contrary to good morals or sound policy, for it would not be morally right nor good policy for the town to have their paupers bid off to for a less sum than any one could afford to keep them be kept for and keep them well. It would be doing injustice to the unfortunate poor. For the person who bid them off, under such circumstances, would not be likely to expend, in taking care of them and making them comfortable, a greater sum than he received from the town. And any other inhabitant of the town, who might suppose that they were being bid off to be kept at an unreasonable price, could have bid against the defendant.

*L. B. Peck*, for defendants.

The note is without consideration and void. The agreement also upon which it was executed, is against public policy and ought not to be supported. *Doolan* v. *Ward*, 6 Johns. R. 194. *Jones* v. *Carswell*, 3 Johns.Cas. 29. *Bexwell* v. *Christie*, 1 Cowp. 395. *Howard* v. *Castle*, 6 T. R. 642. *Pingry* v. *Washburn*, 1 Aikens, 264. *Gulick* v. *Ward et al.* 5 Halstead, 87. *Crowder* v. *Austin*, 3 Bingh. 368. Chitty on Contracts, 520, note. 2 Kent's Com. 2 Ed. 536.

The opinion of the court was delivered by

ROYCE, J.—The defence to the present action is either a want of any sufficient consideration, in a pecuniary view, to render the note binding, or illegality and fraud in the consideration which existed.

In reference to the first ground we must understand, from the case, that each of these parties wished to take the contract for supporting the poor of the town, and that each intended to bid for it. In that state of things the note in question was given to induce the plaintiff to forego and waive his right of bidding for the contract, that the defendant might secure it to himself. And as the parting with a right, or forbearing to exercise it, at another's request, is in general a legal consideration for a promise, it would seem that the consideration here was sufficiently valuable to sustain the note.

It is a further requisite in the consideration of every contract, that it must not originate in any corrupt and fraudulent purpose. The principle of the common law has always been, that fraud in a contract, whether it be for the purpose of deceiving and injuring one of the parties, or some third person, or the public, will render the contract void from the beginning. In the first case, the contract is avoided for the sake of justice to the party injured, or sought to be injured, by the fraud. But when both parties are alike implicated in a design to injure third persons, or the public, the law does not extend relief to either of the guilty parties for his own sake. Justice is not concerned to save him from the consequence of his fraudulent contrivance. It is on public grounds, and for example's sake, that in these cases the contract is declared void. The object is to suppress such contracts, by destroying the inducements for engaging in them.

It was obviously the purpose of these parties to enable the defendant to purchase the support of the paupers at an increased rate of compensation, by diminishing the number and competition of bidders. They, doubtless, calculated that the contract might thus be obtained by the defendant at a sum decidedly greater than the plaintiff would have been content to receive. And the difference could only be regarded as a loss of so much to the town. As this arrangement contemplated a direct and immediate gain to these parties at the expense of the town, it makes a stronger case than those which have turned upon public policy alone. But cases of the latter class are not the less applicable here. Indeed, the ground for invalidating contracts, on account of

their tendency to work injustice to others, is substantially the same in most, if not all the cases. To the present purpose may, therefore, be cited the numerous instances reported of employing puffers at auctions. This practice was long holden to be in all cases a fraud upon the real bidders. And though the rule was afterwards in some measure relaxed, yet, according to the most indulgent opinions upon the subject, if the fictitious bidding was designed to screw up and enhance the price, and not for the defensive purpose of preventing a sacrifice of the property, it was still fraudulent. Since the decision in *Crowder* v. *Austin*, 3 Bing. 368, it may be doubtful which is now the prevailing doctrine in England. The case at bar is likewise affected by the decision of this court in *Pingry* v. *Washburn*, 1 Aik. 264, and it has a still closer resemblance to the case of *Gulick* v. *Ward et al.* 5 Hals. 87. And in our opinion the principle, which has so long and uniformly governed in cases analagous to the present, requires us to hold the contract between these parties inoperative and void.