## Bradley Morrison *v.* Jonathan R. Darling and Isaac M. Ricker.

### *Contract Void as against Public Policy. Damages.*

A contract to forbear purchasing an interest in certain lands at private sale, and to assist another in the purchase thereof, is not void as against public policy.

The plaintiff had purchased four undivided fifths of certain lands, but failed to purchase the other fifth because the defendants purchased it in violation of such contract; whereupon the plaintiff procured partition thereof by the probate court. *Held*, that the true rule of damages was, what the fifth purchased by the defendants was worth more than what the plaintiff would had to have paid for it but for its purchase by the defendant; and that the plaintiff could not recover the expense of such partition.

Assumpsit. Trial by jury and verdict for the plaintiff, June term, 1873, Ross, J. presiding.

The plaintiff's evidence tended to show that in and previous to November 1870, there was an estate in Groton, consisting of sev-

eral pieces of land, and owned in common by five heirs, and that a certain timber lot composed a part thereof; that the plaintiff was desirous of purchasing said estate, and had bargained for the several shares, and received deeds of some of them, and expected and understood that deeds of the others were executed, ready to be delivered, and on the way to him; that at this stage of his trade, he paid the defendant Darling, who was a partner of the defendant Ricker, and acted for both, $200 for not interfering with him in said trade, and to help him therein; and that he did not succeed in purchasing one of said shares, that of a Mrs. Parker, because the defendants interfered and purchased it. His evidence also tended to show that he was compelled to institute proceedings in the probate court, to have his four-fifths partitioned from the other one-fifth, which was done by commissioners appointed for that purpose; and that therein he was put to great expense in time and personal expenses in travelling and hotel bills in attending the probate court, and in court fees, commissioners' fees, and attorney fees. To this last evidence the defendants objected, but the court admitted it, to which the defendants excepted.

The defendants claimed that the plaintiff paid them the $200 in consideration of a breach of his agreement to convey said timber lot to them.

The defendants requested the court to charge the jury, that the contract claimed by the plaintiff was against public policy and the policy of the law, and that the plaintiff could not recover upon it; also, that the plaintiff could not recover as damages the money paid the probate court, the commissioners, or for his own expenses or for counsel.

The court declined so to charge, but, among other things not excepted to, did charge that the plaintiff could maintain the action, and was entitled to recover, if he established the contract as he claimed it, and a breach thereof; that if the plaintiff established that by reason of the defendants' breach of their contract, he failed to obtain Mrs. Parker's share of said estate, the plaintiff would be entitled to recover what said one-fifth of the estate was worth more than what the plaintiff would have had to pay for the

same but for the defendants' interference and breach of their contract ; and if by reason of the defendants' breach of their contract the plaintiff was compelled to have a division of said estate, the plaintiff could also recover such expenses as he had reasonably been put to, and as were reasonably necessary, in making such division ; and as included in these expenses, if the plaintiff established that they were reasonably necessary, they might consider the commissioners' fees, witness fees, counsel fees, and the plaintiff's time and expenses about said partition, but that none of such expenses could be included except such as were reasonably necessary, and upon the plaintiff's establishing that the partition was rendered necessary by reason of the defendants' breach of their contract.   To the refusal to charge as requested, and to so much of the charge as is above stated, the defendants excepted.

*Leslie & Rogers*, for the defendants.

We insist that plaintiff's action cannot be sustained ; for if plaintiff paid defendants' the money, as he claimed, and for the purpose and object claimed, it was for the purpose, object, and design, to injure, cheat, and defraud Mrs. Parker in the sale of her real estate, and enable the plaintiff to purchase her property (and perhaps the property of others) for a much less sum than it was worth, and much less than she could otherwise, but for plaintiff's conduct, get for it.   It was a conspiracy to injure and defraud Mrs. Parker in the sale of her land.   The case of *Noyes* v. *Day*, 14 Vt. 384, seems to be decisive of this point.   No person is allowed by law to stipulate for iniquity ; and the case fully shows that the plaintiff's purpose and object was, to make and obtain an iniquitous trade and bargain ; and both parties standing *in pari delicto*, no action can be sustained by either.   *Foote & Stone* v. *Emerson*, 10 Vt. 338 ; *Dixon* v. *Olmstead*, 9 Vt. 310 ; *Noyes* v. *Day*, *supra*.

The county court erred in receiving plaintiff's evidence upon the question of damages.   And the court also erred in instructing the jury to assess plaintiff's damages on that basis.   Sedgw. Dam. (2d ed.) 95, 96 ; *Harris* v. *Eldred*, 42 Vt. 39 ; *Earle & Wife* v. *Tupper*, 45 Vt. 275 ; *Hoadley* v. *Watson*, 45 Vt. 289.

If plaintiff's action can be sustained, the rule of damages would be the money paid, and interest.

*O. S. & O. C. Burke*, for the plaintiff.

The first point is as to the admissibility of the evidence introduced by the plaintiff. The exceptions show that plaintiff's evidence tended to show that he did not succeed in obtaining one of the shares of said estate, for the reason that the defendants interfered and purchased it; also, that he was compelled to have partition of said estate, and therein was put to certain expenses. Upon this point it is sufficient to say, that such evidence was proper, to prove the breach of contract, and to show the amount of damage to the plaintiff.

. The second and main question is, whether the contract was illegal as being against public policy and the policy of the law. We contend there was no error in the ruling upon this point. Agreements at common law are illegal when against sound policy; but, it must appear to the court that, to enforce the contract, would be clearly against the public interest, before it can hold the contract void. It cannot be done on what the court esteem a doubtful case. Vt. Justice 81 ; *Blanchard* v. *Weeks*, 34 Vt. 589. The defendants agreed not to interfere with plaintiff's trade in purchasing said estate, and to assist plaintiff in completing the same. Such a contract has no elements of illegality, and is not against public policy. *Clark, admr.* v. *Crosby*, 37 Vt. 188 ; 2 Parsons Cont. 254–260 ; *Pierce* v. *Woodard*, 6 Pick. 206 ; *Vickey* v. *Welsh*, 19 Pick. 523 ; *Chappell* v. *Brockway*, 21 Wend. 157. If the contract was void, being against public policy, the plaintiff could recover back the two hundred dollars he paid the defendant. 2 Parsons Cont. 254, notes, and cases there cited.

'The last point made is, that the plaintiff could not recover the money paid the probate court, the commissioners, and his own expenses and counsel fees. The jury found that those expenses were necessary. The plaintiff was entitled to recover all damages which might fairly be said to be the legal and natural consequences of defendants' breach of contract. *Saxton* v. *Bacon*, 31 Vt. 540, 544 ; *Chamberlin et al.* v. *Scott*, 33 Vt. 80, 82 ; *Pack-*

*ard* v. *Slack*, 32 Vt. 9; *Copper Co.* v. *Copper Mining Co.*, 33 Vt. 92; Sedgw. Dam., 59, 575; 2 Parsons Cont. 456, notes, and cases cited; *Hutchinson* v. *Granger*, 13 Vt. 386.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit. The plaintiff alleges that he, in November, 1870, had purchased of certain owners as tenants in common, their share in certain real estate in Groton, and was desirous of purchasing the remaining shares of such real estate. That in consideration of $200 paid by him to the defendants, they agreed to assist the plaintiff in the purchase of such shares, and forbear to purchase such property for themselves. The alleged breach of the contract is, that defendants, in violation of their agreement, afterwards purchased one of such shares for themselves.

I. The defendants insist that such contract, if proved, could not be enforced, and would be void, as against public policy. A contract to aid and assist the plaintiff in the purchase of the land, it is not claimed would be illegal, or in contravention of public policy. Indeed, having received the consideration of $200 for such assistance, they would doubtless be held in equity as purchasers *for* the plaintiff, and their consciences charged with the *trust*. An agreement to aid the plaintiff in the purchase, implies, as a necessary part of the agreement, forbearance to purchase for themselves. It is well settled that a contract to forbear bidding at a *public auction*, is illegal, and a note given for such consideration will not be enforced, as against public policy. *Noyes* v. *Day*, 14 Vt. 384. The reason of this rule, as stated in many of the cases, is, that the seller is bound to sell to the highest bidder, and there is an implied duty and confidence that he shall not enhance the price by the secret employment of " puffers," nor the purchasers depreciate the price by secret conspiracy and combination. Public auction sales are recognized and regulated by law, for the sale of property of wards, estates of deceased persons, and to pay taxes, and debts where property is attached or charged with execution; and the public have an obvious interest that such sales should be conducted with regularity and fairness, and guarded from the

intrusion of all sinister agencies. "Agreements whereby parties engage not to bid against each other at a public auction, especially when such auctions are required or directed by law, as in cases of sales on execution, are held void." 1 Story Eq. § 292. And the reason given is, "that they are against public policy, and have a tendency injuriously to affect the character and value of sales at *public auction*, and to mislead private confidence." But in this case, the owner of the share of the estate was under no obligation to sell to any one; and there was no stipulation to resort to any illegal or improper means to mislead the owner, or to induce a sale by any fraud or artifice. We do not think such contract can be held void as against public policy. *Phippen* v. *Stickney*, 3 Met. 387, and cases there cited; *Clark admr.* v. *Crosby*, 38 Vt. 188.

II. Evidence of the cost and expense to the plaintiff, including his own time and travelling expenses and attorney fees, was admitted by the court against defendants' objection; and the court charged the jury, that "if, by reason of defendants' breach of the contract, the plaintiff was compelled to have a division of said estate, the plaintiff could recover such expenses as he had reasonably been put to, and as were reasonably necessary, in making such division; and they might consider the commissioners' fees, witness fees, counsel fees, and plaintiff's time and expense about said partition;" to which the defendants excepted. This part of the charge we think was error. The former part of the charge, viz., that "the plaintiff would be entitled to recover what said one-fifth of the estate was worth more than what plaintiff would have had to pay for the same, except for the defendants' interference and breach of their contract," was, substantially, a correct and full statement of the ground and rule of damages. The *fact* that the one-fifth share was an estate in common with the other four-fifths, is a fact in the case. And if that fact would enhance the value of such share, to the plaintiff, it may be properly considered in estimating the damages caused by the defendants' breach of the contract. But the plaintiff was no more "*compelled*" to make partition than were the defendants. And *non constat* that the four-fifths in common, was diminished in

market value, by the fact that it was undivided, just the expense of plaintiff's attorney fees, court fees, travelling expenses, and tavern bills, in making partition. It does not necessarily follow that plaintiff's undivided estate would not sell in market for four-fifths of the value of the whole estate. The propriety or importance of partition among tenants in common of real estate, especially of timber lands, depends so much on circumstances, that it by no means necessarily follows that the divided fractions would be enhanced in value just the amount of the expense of such proceedings. *Waite* v. *Gilbert*, 10 Cush. 177. In admitting evidence of the plaintiff's trouble and expense in making partition, and in the charge of the court upon the subject of damages, we find there was error; and for this, the judgment of the county court is reversed, and the case remanded.