## Stella B. Hackel, Grand Juror v. Elbridge T. Williams

[167 A.2d 364]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Stella B. Hackel, pro se.*

*Bloomer & Bloomer for the petitionee.*

**Hulburd, C. J.** The plaintiff seeks a writ of prohibition to prevent the defendant, as assistant judge of the county court, from taking a deposition for use in a criminal case. The situation, as disclosed by the plaintiff's allegations, is as follows. On October 10, 1960, Stella B. Hackel, grand juror of the city of Rutland, issued a criminal complaint against one Donald Edward Woods charging him with operating a motor vehicle in a manner to endanger and jeopardize the safety and lives of three persons, namely, Patricia Ryan, Bernard Conklin and Maureen Jones. Following this, on October 21, 1960, there was served on the city grand juror a copy of an affidavit and application of Charles E. Woods, guardian *ad litem* of Donald Edward Woods, praying for the issuance of an order for the taking of the deposition of Maureen Jones. This order issued without giving the city grand juror any notice or opportunity to be heard as to the propriety of its issuance. A copy of the order and application was served upon Maureen Jones and a like copy upon the city grand juror, fixing the time and place for the taking of the deposition, namely two o'clock on the afternoon of November 14, 1960, at the Municipal Court Room in the city of Rutland. A copy of the affidavit and application and order are attached to the plaintiff's petition and made a part thereof by reference. An examination of the affidavit discloses no reason for

the taking of a deposition other than the general statement "that the testimony of a certain witness, namely, Mrs. Maureen Jones of the City of Rutland, in said county, is material to the defense of my ward, Donald E. Woods in said cause." The cause referred to is stated on the caption to be State of Vermont v. Donald E. Wood, Criminal Docket No. 36137 in Rutland Municipal Court.

The defendant filed an answer to the plaintiff's petition for a writ of prohibition and the matter came on for hearing before us on the pleadings. The plaintiff alleges that the magistrate is seeking to proceed as if he had before him an application for the taking of testimony *in perpetuam* in conformity to 12 V.S.A. §1281 in connection with 13 V.S.A. §6681. This the defendant denies. It is the defendant's contention that under 13 V.S.A. §6681 et seq. it isn't necessary that he be seeking to take testimony *in perpetuam* to be entitled to proceed under the statute. The statute as to the taking of depositions in criminal causes, he says, is not restricted to taking testimony for the purpose of perpetuating it, nor does 12 V.S.A. §1281 et seq. have any limiting effect. He argues that the statutes, when properly construed, allow a respondent to take depositions for the purpose of "preparing his case;" that common fairness dictates that we adopt such a construction. At this point, perhaps, we should give consideration to just why counsel for the defendant feels this to be so. His whole argument in this revolves around what he calls a "proposition of mutuality." It goes this way. The State, he points out, may obtain sworn testimony of any witness by requiring him to testify before a grand jury, or if not that way, by way of an inquest. The respondent, he says, if we deny him in this proceeding, is left without any means under the statute whereby he can get a statement under oath. He is deprived of an equal opportunity. The State is thus left to enjoy an advantage he does not have.

The appeal is to fair play. But is this fair argument? It seems to us that counsel for the defendant has lost sight of a few fundamental facts. The object of the statutes is not to give the State an advantage, but to give the respondent added protection. If the evidence does not justify a prosecution, a respondent ought not to be brought to trial at all. The question before a grand jury is: Shall the accused be indicted? This can only be answered by a consideration

of the evidence presented. In the same way, a state's attorney, in difficult cases, may desire to have before him, by means of inquest, statements under oath of those who may be witnesses at the trial. Without it, he may not feel justified in filing an information under his oath of office. It is certainly for the interest of the accused that the state's attorney so assure himself. This, we think, furnishes the inescapable necessity for inquests and grand jury proceedings. It is on this account that the statutes provide for them.

Now there is no denying that it is of assistance to a prosecuting officer to have before him at the trial what the witnesses stated under oath on an earlier occasion. This is obvious. It should be noted, however, that these sworn statements, whether at an inquest or before a grand jury, are not depositions. They cannot be presented at the trial of the respondent in lieu of the witness. The State must confront the accused with the witnesses themselves. Vt. Const., Ch. 1, Art. 10. When the accused employs depositions, he is under no such requirement. "The proposition of mutuality," which counsel for the defendant feels ought to be persuasive, actually becomes a reason for reaching a conclusion opposite that for which he contends.

Up to now, we have approached this problem from the point of view of the prosecuting officer. We have pointed out that the first question he has to answer is: "Shall I prosecute?" On the other hand, what is the first question the accused is called upon to answer? It is: "guilty or not guilty?" Now, unlike the prosecutor, the accused needs no sworn testimony before him to answer that question, for who knows better than the accused whether he is guilty or not? His situation has no "mutuality" with the prosecutor in that regard.

If the law is to be that unlimited discovery is to be available to the accused in criminal proceedings, it is quite apparent that those who otherwise might plead guilty will avoid doing so. They will wait to see what discovery by deposition will reveal. To put it in the plain language of the street, they will first find out "how much the State has got on them." There is no policy in the law which would seem to require opening the door to this sort of thing. Indiscriminate and unrestricted discovery in all cases would not lead to justice, but justice perverted.

Accordingly, it is generally held that "Depositions in criminal cases are to be taken only in exceptional situations and in

order to prevent a failure of justice, and the burden of establishing the necessity of taking such depositions rests in the movant." 26A C. J. S. §306. See also 17 Am. Jur., Discovery and Inspection, §32; also annotation in 52 A.L.R. 209. We think that if it were within the contemplation of the legislature to adopt a procedure which was out of line with that existing in the other states of the nation, it is unlikely that it would leave its intention in that regard to conjecture. Unless the legislature has fairly indicated its intention to make unlimited depositions available in criminal cases, we would not be justified in making the broad assumption which the defendant asks us to make. Deposition statutes are in derogation of the common law, and are to be strictly construed. *Pingry* v. *Washburn,* 1 Aik. 264, 268; *Clark's Admr.* v. *Wilmington Savings Bank,* 89 Vt. 6, 8, 93 A. 265; *Reed* v. *Allen,* 121 Vt. 202, 206, 153 A.2d 74.

We think it not inappropriate to call attention to the fact that if unrestricted discovery were allowed in criminal cases, it could mean that the state police and other law enforcement officers might well be occupied with attending deposition proceedings when their time could be used to better advantage in the field. Either the State would have to be at the expense of providing a larger force or some other area of enforcement would have to be neglected.

■ In considering the defendant's arguments, we have treated the city grand juror as if she stood in the same position as a state's attorney. Actually, of course, neither the testimony taken at an inquest nor in grand jury proceedings is available to a city grand juror by statute. The proposition of mutuality for which counsel for the defendant seeks to contend, dubious as it seems, has not the slightest application to this prosecuting officer.

We have dealt at some length with the reasons advanced by counsel for the defendant in which he seeks to demonstrate that it "would be inequitable and without the contemplation of the Legislature" to fail to provide a respondent with unlimited discovery in criminal cases. Let us now turn directly to the statutes themselves. The legislative intent is not always hid under a bushel. Title 13 of Vermont Statutes Annotated is "Crimes and Criminal Procedure." Under this title, Chapter 203 deals with "Evidence." Within this chapter there appears the following:

"Subchapter 3. Depositions"

"§6681. *Procedure*

A person complained of, informed against or indicted for a crime may make affidavit before a justice of the supreme court, a superior judge or a judge of the county court, that the testimony of a certain witness is material in his defense, and thereupon the same proceedings may be had as in perpetuating testimony in civil causes."

The foregoing section is followed by three others: Section 6682 dealing with notice to prosecutor, Section 6683 with admission of depositions on trial and Section 6684 with commissions to examine witnesses out of state.

It is the position of the defendant that the concluding language of 13 V.S.A. §6681, "and thereupon the same proceedings may be had as in perpetuating testimony in civil causes," in no way introduces any limiting effect on the right to take depositions in criminal cases. "The reference to perpetuating testimony in civil causes is procedural only." That is the defendant's claim. At first glance, looking only at the language itself, it is not without color of plausibility.

■■ We are prompted to look into the origin of 13 V.S.A. §6681. We find that it goes back to No. 32 of the Acts of 1858. There, at once, is dispelled any uncertainty on the point in question. The act was entitled, "An Act to provide for perpetuating testimony to be used in criminal causes." The purpose of the act is explicit. There is no room left for construction or conjecture: It was not passed for the purpose of assisting a respondent to prepare his case, but to guard him against a threatened loss of testimony which might result in a failure of justice. Such was the legislature's intention. As late as the revision of 1947 (see V. S. 47 §2418) this section was captioned "To perpetuate testimony." In connection with the last revision, all of the statutes relating to crimes and criminal procedure were brought together under one title. In the process, the erosion of the original title to the act became total, but the legislative intention remains and it is that to which we must give effect. *Doubleday* v. *Town of Stockbridge,* 109 Vt. 167, 172, 194 A. 462; 82 C. J. S., Statutes §350. Statutory revision cannot be said to have imparted new meaning here. *State* v. *Howard,* 108 Vt. 137, 143, 183 A. 497.

■ As a result, the statement in 13 V.S.A. §6681 that the same proceedings may be had as in perpetuating testimony in civil causes takes on its proper significance. It means that we must be governed by the law applicable to perpetuating testimony in civil cases by deposition. This was established and made explicit by *In re Petition of Central Vermont Public Service Corp.,* 115 Vt. 204, 208, 55 A.2d 201. In that case, the Court construed what is now 12 V.S.A. §1281, and issued a writ of prohibition to prevent the taking of testimony because, as the Court said, "The grounds upon which the statutory application to perpetuate testimony may be granted do not exist; that there appears to be no reasonable probability of the loss of the testimony by delay; that there is no valid reason that the witness and the records will not be available at the trial; and that to construe P. L. 1737 (now 12 V.S.A. §1281) as permitting a person, at his desire, to examine witnesses, under oath, in advance of trial, without regard to their residence or future availability, under guise of perpetuating their testimony, but in reality in aid in preparation of his pending cause would be to authorize a proceeding which transcends the intent and purpose of the act."

The declared intent of counsel for the defendant, who are also counsel for the respondent, brings the case squarely within the reasoning of the opinion quoted from. If the facts were otherwise, it was incumbent upon counsel seeking to take the deposition in question to make it a part of the application and set forth reasons why there was a reasonable probability that the testimony would be lost or unavailable. Counsel for the defendant has made no claim to this effect before us. He has, in fact, admitted that the deposition is sought to help him "prepare his case." If more were needed, the city grand juror has attached to the application for a writ of prohibition the affidavit of the witness herself, which states she intends to continue to reside in Rutland, is in good health and knows of no reason that would prevent her from being available as a witness at the forthcoming trial.

■ We are fully convinced that the legislative intent is self-evident and that 13 V.S.A. §6681, in connection with 12 V.S.A. §1281, does not afford a respondent a right to unlimited discovery in criminal cases, and that the law in this state conforms to that generally obtaining in most jurisdictions. We would like to leave it perfectly clear,

however, that where a respondent has a bona fide basis for believing that testimony in connection with a pending prosecution will be lost unless testimony *in perpetuam* is taken, our statutes provide that such a deposition may be taken. If a respondent wishes to avail himself of the statute in such an event, let him set forth in his application reasons which would support a genuine necessity for such action to prevent a failure of justice. Since it is manifest that this was not done in this case, the assistant judge of the county court was without authority to proceed.

*It is ordered that a writ of prohibition issue, in the name of the State, signed by the clerk, directed to Elbridge T. Williams, Assistant Judge of Rutland County Court, prohibiting him from proceeding further in the application of Charles E. Woods, guardian ad litem of Donald E. Woods, of West Rutland to take the testimony of Maureen Jones as therein stated, without costs.*