## State of Vermont v. Robert Earl Bleau

[315 A.2d 448]

No. 181-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Patrick J. Leahy,* State's Attorney, and *John J. Bergeron,* Deputy State's Attorney, for the State.

*Robert Edward West,* Defender General, and *George E. Rice, Jr.,* Deputy Defender General, for Defendant.

**Smith, J.** The respondent, Robert Bleau, appeals from his conviction for receiving stolen property under 13 V.S.A. § 2561 which followed a jury trial on June 28–29, 1972.

The prosecution was commenced by information. Because the respondent contends that the trial court committed reversible error in allowing this information to be thrice amended, we reproduce here the relevant part of that information.

> Robert Earl Bleau of Burlington in the County of Chittenden at South Burlington in said County of Chittenden on to wit, the 14th and 15th day of November

1971 did feloniously receive and have in his possession a 30-06 Remington Rifle with 3 x 9 Bushnell Scope, Serial # 7006120, valued at excess of $100.00, knowing the said rifle to be stolen . . . .

The underlined words represent the amendments; the first one, "South", signifying a deletion, the others signifying two additions.

The State correctly argues that the words "in his possession" are mere surplusage. Respondent's counsel on appeal admits that this amendment, by itself, is not a defect sufficient to require reversal. In light of our decision with respect to the other two amendments, to be discussed next, it is unnecessary to discuss any alleged adverse effect this initial amendment has when all three are cumulatively considered.

The respondent's argument with respect to both the time and location amendments is that their allowance violated his constitutional right to know the nature of the charges against him guaranteed by the Sixth Amendment to the United States Constitution and Chapter I, Article 10, of the Vermont Constitution. Consequently, the argument runs, the respondent was unable to adequately prepare a defense when the time and location of the alleged offense were abruptly shifted.

Time is not of the essence and location is not an essential element of the offense of receiving stolen property either under 13 V.S.A. § 2561 or under the common law. See *State* v. *Guppy,* 129 Vt. 591, 285 A.2d 717 (1971). Where time is not of the essence, an information will not be held bad for imperfectly stating it, 13 V.S.A. § 6553, and an amendment during trial to conform the information with a witness' testimony, as was done in this case, is allowable under 13 V.S.A. § 6554. *State* v. *Girouard,* 130 Vt. 575, 581, 298 A.2d 560 (1972). The location amendment was made five minutes prior to commencement of the trial. Since this amendment would have been allowable if made during the trial to conform to the evidence under 13 V.S.A. § 6554, there is no reason why it should not be allowable solely because it was

requested earlier, to conform to evidence the prosecutor knew would be forthcoming at trial.

■ Of course, the precise issue raised by the respondent is not whether these amendments were allowable in the abstract, but rather whether their allowance should have been conditioned upon a postponement or continuance of the trial. But whether the amendment is sought by the prosecutor during the trial, *State* v. *Woodmansee,* 124 Vt. 387, 205 A.2d 407 (1964), or prior thereto, V.R.Cr.P. 7(d), Reporter's Notes, the test is the same. The allowance of the amendment must not prejudice the accused's ability to prepare an adequate defense.

■ We hold that, on the facts of this case, the court did not err by not halting the proceedings after allowing either of the amendments. As time and location are not material elements, the respondent had fair notice of the charge against him by the original information. The amendments did not result in his being charged with a different or additional offense, a fact that distinguishes this case from *State* v. *Woodmansee, supra.* Consequently, this Court's reasoning in that case that "[i]t is not unjust to hold [the prosecutor] strictly accountable for substantive shortcomings in its pleadings", *Id.* 124 Vt. at 390, is not applicable here where there were no substantive shortcomings.

The record in this case furnishes several reasons why a finding that the respondent was prejudiced, or indeed even surprised, by the amendments is unsustainable. The extra day was amended into the information not because the prosecution needed two separated events to support its allegations, but simply because the hour hand passed the midnight hour during the course of the alleged illegal act. As for the location element, the respondent's defense did not deny his presence in Burlington. His defense consisted of a flat denial of any wrongdoing and the disclosure that any seeming impropriety on his part was explained by the fact that he was working as a free-lance undercover agent for the police.

If the respondent's defense was the result of a sudden shift of tactics, it was not a shift from his other most logical defense. Since time and location were not essential elements,

the only other helpful exculpatory move would have been employment of the alibi defense under 13 V.S.A. § 6561. However, in order to defend on the ground that he could not have been at the alleged location at the alleged time, he would have had to notify the prosecutor in writing at least forty-eight hours before the trial. 13 V.S.A. § 6561. This was not done.

While the number of amendments required by the prosecutor below manifests less than perfect pretrial preparation, neither the quantity nor quality of any of the amendments constitute prejudicial error requiring reversal. The new Vermont Rules of Criminal Procedure, effective October 1, 1973, with their increased discovery procedures for the prosecutor, should eliminate the number of amendments necessary, particularly amendments after the trial has commenced.

The lack of our present criminal procedure rules does not justify the prosecutor's tactic of holding the inquest as was done in this case. That tactic is the subject of the respondent's other contention that reversible error was committed below.

During the last day of the trial, the respondent called one Carl Sears to the stand. Sears relied on his Fifth Amendment privilege against self-incrimination and was thus of little use to the respondent. The court then recessed for lunch. During this lunchtime recess, an inquest was held pursuant to 13 V.S.A. §§ 5131–5137, at which Sears was granted immunity and gave testimony helpful to the State. When trial resumed, Sears was called to the stand by the prosecutor during the State's rebuttal and repeated his testimony.

"Now there is no denying that it is of assistance to a prosecuting officer to have before him at the trial what the witnesses stated under oath on an earlier occasion." *Hackel v. Williams*, 122 Vt. 168, 171, 167 A.2d 364 (1971). And this Court is aware that the prosecution could not take the depositions of defense witnesses under the statutes then in force. V.R.Cr.P. 15, Reporter's Notes. Neither the wording of 13 V.S.A. § 5331, nor the case law contain an outright prohibition against inquests after the trial has commenced. An inquest is investigatory in nature, *State v. Alexander*, 130 Vt. 54, 61, 286 A.2d 262 (1971), and investigation need not

cease while the trial is in progress. Nevertheless, we believe the aboveboard and better procedure would have been for the prosecutor to have granted Sears immunity in open court.

However, even a holding that the inquest was conducted illegally, were we to so hold, would not require reversal. Under 13 V.S.A. § 5134, as it existed at the time of trial, the respondent was not entitled to a transcript of the inquest. *State* v. *Alexander, supra.* Further, the State would not have been barred from recalling Sears as a witness at trial even if we were to hold the inquest illegally conducted. *Id.* 130 Vt. at 62.

The respondent would contend that the teachings of *Alexander* should not apply and that Sears' testimony at trial should have been suppressed because conducting the inquest somehow violated his right to know the nature of the charge against him. He contends that the State did not know what to accuse him of until after the inquest was completed. This argument is, of course, identical to the one advanced challenging the allowance of the amendments to the information.

■ The record reveals that when Sears took the stand during the State's rebuttal, the prosecutor's preliminary questions should have made it evident to respondent's counsel that an inquest had been held during the recess. No objection was made to the admission of Sears' testimony. "An objection to evidence must be made when the evidence is offered, or when the question is asked. Where evidence comes in without objection, all right of objection is waived." *Brown* v. *Pilini & Wilson,* 128 Vt. 324, 262 A.2d 479 (1970).

However, in a similar situation, where the holding of an inquest during trial resulted in an injustice to the defendant, we would be disposed to grant a new trial. The holding of an inquest, during trial, is not a practice which meets with our full approval, and in other circumstances might well be prejudicial to a defendant.

*As the respondent has failed to show that prejudicial error was committed, the judgment is affirmed.*