## State of Vermont v. John Williams

[406 A.2d 375]

Nos. 302-77 and 303-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 20, 1979

Motion for Reargument Denied August 15, 1979

*Gregory W. McNaughton,* Washington County State's Attorney, and *Philip H. White,* Deputy State's Attorney, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, *David Curtis,* Acting Appellate Defender, and *Steve Dunham,* Appellate Counsel, Montpelier, for Defendant.

**Barney, C.J.** The defendant was charged by the state's attorney with lewd and lascivious conduct with a minor child in violation of 13 V.S.A. § 2602. Trial by jury was waived and

the defendant found guilty of three offenses under this statute. The court found him not guilty of a kidnapping charge. Sentencing has been accomplished, and the defendant brings this appeal.

Three issues are raised. The first relates to the burden of the State to establish that the crime charged occurred on a particular day. This relates only to the first of the three charges making up the conviction. This portion of the information alleged that "on or about October 17, 1976" the defendant committed one of the acts with which he is charged. The argument of the defendant is that the particular act involved, under the evidence, probably was not committed until the early hours of October 18, a date on which the defendant was charged with a second offense.

With the law of this state expressly holding that, as to this crime, time of commission is not an essential element calling for precise proof as pleaded, State v. Daniels, 129 Vt. 143, 144, 274 A.2d 480 (1971), this claim of error looks elsewhere. The factual basis for the contention has a parallel in the facts of State v. Bleau, 132 Vt. 101, 103–04, 315 A.2d 448 (1974), which also dealt with the significance of time as part of certain criminal charges. In the Bleau case it is pointed out that not only was time not of the essence, but that the relationship of the criminal episode to midnight made the allegation of date necessarily uncertain, without amounting to a substantive shortcoming in the pleading.

■ The defendant argues that because the three counts of lewd and lascivious conduct upon which he was tried alleged offenses on or about October 17, 18 and 19 the State had a special burden to have its proof conform to the pleadings. The justification is said to be that with an offense already charged on the 18th, proof of an offense charged on the 17th that may have occurred past midnight somehow raises the spectre of double jeopardy on the 18th. The plain answer is that if two, or even three separate offenses were established, all on the 18th, there is no double jeopardy problem. Otherwise a criminal committing repeated offenses on the same date acquires a kind of immunity after the first one. This is, of course, not the law. So long as the proof sufficiently establishes the individual repeat offenses, the coincidence of date

alone is no defect. In any event, the evidence is sufficient to support the findings of the trial court.

■ The defendant also raises an issue he identifies as a "speedy trial" issue. It relates to the action of the State in bringing two additional charges of lewd and lascivious behavior with the same minor. The offenses were alleged to have occurred at about the same time as the charge supporting the original arrest, but were not filed until some nine months later. For some reason the defendant ascribes the condemnation of Administrative Order 5, 12 V.S.A. App. VIII, and the constitutional claim to the charges brought nearest the time of trial. The measurement of time in cases raising the issue of deprivation of a speedy trial begins with the arrest, not on some other charge, but on the charge attacked. The measurement of delay applied to a criminal charge cannot commence until that charge is brought against the defendant. *State* v. *Dragon,* 130 Vt. 570, 298 A.2d 856 (1972). The defendant here did not ask for dismissal of the delayed charge, but rather of the two charges upon which trial was had within one week of service. This position will not support reversal.

■ The matter does merit further comment, however. The defendant had a real complaint when the State failed to comply with the trial judge's direction to bring any additional counts involving the criminal incident being prosecuted by July 15, 1977. In fact, the defendant was not arraigned on the new counts until August 19, 1977. These did not sufficiently establish probable cause in their affidavits to avoid dismissal. They were rebrought on September 12. The defendant objected, but his motion to dismiss was denied.

This motion was based on the same speedy trial contentions already noted, and also raised the issue of compliance with the trial court's instructions, to which the State agreed. It is the position of the defendant that for the trial court to do anything less than dismiss the additional charges was an abuse of discretion, and should be reversed here.

What the trial court did do was limit the consequences of the additional charges. This case was tried to the court, and the judge informed the State that, although the late filing

would be permitted, the charges, if established, would not enhance the sentence or otherwise cumulate the penalty to be assessed if the original charge was proved. This ruling benefitted the defendant in the sense that the consideration of these charges would bar them from use as the basis of new and separate complaints, by virtue of double jeopardy restrictions. He also got the benefit of their disposition without sentencing penalty.

This was an appropriate exercise of discretion by the trial court. Nowhere is it established that the delayed filing of the amendments affected the trial date previously set. That trial date has never been a matter of complaint with respect to the initial lewd and lascivious conduct charge. As already noted, the previously set trial date required that the additional charges go to trial within a week, but this expedition is not complained of, nor will it support the speedy trial issue. The actions of the trial court were within the ambit of its discretion and represented no wrongful disregard of any rights of the defendant as presented to the court.

■■ It is contended here that there was placed before the trial court hearsay information about criminal activities of a sexually deviant nature on the part of the defendant for which he had never been charged, tried or convicted. The defendant objected to such information, and the trial judge responded that he did not view it as having to do with the length of the sentence but rather as information relating to the defendant's propensities and the type of sentence that would best address the defendant's problems.

Irrespective of diagnostic or therapeutic advantages, consistency with the basic concerns of criminal justice compel us to prohibit, even in sentencing proceedings, the use of mere assertions of criminal activities in any way in aid of determining disposition. The ease with which such untried allegations could become the basis for sentencing sanctions is all too apparent. As Justice Marshall put it in *Dunn* v. *United States,* 442 U.S. 100, 107, 99 S. Ct. 2190, 2194 (1979), citing *Cole* v. *Arkansas,* 333 U.S. 196, 201 (1948):

[I]t is as much a violation of due process to send an accused to prison following conviction of a charge on

which he was never tried as it would be to convict him upon a charge that was never made.

For an analogous holding on the civil side, see *Bristol* v. *Schwolow*, 122 Vt. 311, 313, 170 A.2d 639 (1961).

With the concern so clear, the result must follow: the defendant is entitled to be resentenced without the presentation of claim of criminal acts never validated by judgment of conviction. This is consistent with the appropriate content of presentence considerations as set out in ABA Standards, Probation § 2.3, Commentary at 37 (Approved Draft, 1970). To insure no inadvertent prejudice, the resentencing should be before a different judge.

*The judgments of conviction are affirmed, the sentences vacated and the cause is remanded for resentencing in accordance with the views expressed in the opinion.*