**Paul DRENNAN and James Missroon v. MOUNTAIN TRUST COMPANY, No. 303-80**

November 25, 1980. One not a party to litigation may appeal an order directing production of documents, since absent an immediate appeal no other effective mode of review is available. *Premium Service Corp.* v. *Sperry & Hutchinson Co.*, 511 F.2d 225, 227 (9th Cir. 1975). Motion to dismiss denied.

**Alma Louise GILSON v. Robert Ralph GILSON, No. 109-80**

February 4, 1981. Parties having confessed error, cause reversed and remanded as to all issues except the merits of the divorce.

**STATE of Vermont v. Richard SMITH a/k/a Kevin West, No. 81-80**

February 10, 1981. Since defendant does not have a constitutional right to argue his own case pro se on appeal, *Price* v. *Johnston*, 334 U.S. 266, 285 (1948), and his court-appointed counsel fulfills his constitutional right of representation and court access on appeal, *Bounds* v. *Smith*, 430 U.S. 817, 830–31 (1977), the motion for reconsideration of defendant's motion to proceed pro se and motion for court order to be housed within Vermont is denied.

**STATE of Vermont v. Ronald HEMINGWAY, No. 246-79**

February 19, 1981. Judgments of conviction affirmed. Cause remanded for resentencing by a different judge after the filing of a new presentence investigation report in accordance with *State* v. *Williams*, 137 Vt. 360, 406 A.2d 375 (1979).

**STATE of Vermont v. WASHINGTON SUPERIOR COURT, Robert B. Stewart and Irene A. Stewart, No. 400-80**

February 19, 1981. No grounds justifying the intervention of this Court by way of extraordinary relief under V.R.A.P. 21 having been demonstrated, the petition is dismissed.