## State of Vermont v. Steavan Castleman

[453 A.2d 406]

No. 269-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and
Daley, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*Mark J. Keller,* Chittenden County State's Attorney, and *Deborah O. Frankel,* Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*John R. Churchill,* Colchester, and *Joseph D. Fallon,* Hinesburg, for Defendant-Appellant.

**Per Curiam.** This is an appeal from the sentence imposed after a conviction for assault and robbery with a deadly weapon. The sole issue raised here by the defendant is whether it was error for the sentencing judge to use a presentence investigation report in which another judge, as well as the prosecution and defense counsel, had blacked out certain objection-

able material relating to alleged prior criminal activity. We affirm.

■ It is error requiring resentencing for a judge to use a presentence investigation report which contains hearsay information about criminal activities for which a defendant had never been charged, tried or convicted. *State* v. *Williams*, 137 Vt. 360, 364–65, 406 A.2d 375, 377 (1979). However, in this case the judge did not receive such information; he received a report in which certain matters, the precise nature of which was unknown to him, had been visibly expunged by a screening judge and the attorneys.

The defendant argues that the fact the sentencing judge was aware of and commented on the amount of material that had been covered should bring this procedure within the prohibition of *Williams*. He contends that because the judge saw the black markings indicating that assertions of criminal conduct existed, regardless of their content, the sentence he gave the defendant may have been more severe than it would have been if the judge had used a clean copy of the presentence investigation report. The defendant concludes that the judge was affected by the screened out material, and the spirit of *Williams* was thus violated.

We disagree with this gloss placed on *Williams*. That case prohibits the use of "mere assertions of criminal activities" in sentencing proceedings, because of "[t]he ease with which such untried allegations could become the basis for sentencing sanctions . . . ." *Id.* at 364, 406 A.2d at 377. In the instant case there were no impermissible allegations visible to the trial judge in the presentence investigation report; they were edited out before he saw them. The only indication the judge had of such allegations was the blacked out areas. Although it might be a better practice to provide the sentencing judge with an unmarked copy of the edited report, we do not accept the defendant's argument that *Williams* must be extended to exclude the trial judge from the mere knowledge that such assertions might exist when he has no indication as to their content or scope.

We are not persuaded, particularly in the light of our admonition in *Williams*, that trial judges are susceptible to bias, conscious or unconscious, to the extent they will permit them-

selves to be influenced improperly by the visible indicia of deletions in the report, when the very purpose of the deletions is to remove the excised matter from consideration. Moreover, in *Williams* the material we held objectionable was not only available to the trial judge, he made limited use of it. He stated expressly that he regarded it, not as relating to the length of the sentence, but "as information relating to the defendant's propensities and the type of sentence that would best address the defendant's problems." *Id.* at 364, 406 A.2d at 377.

We hold that the method employed in this case to excise the objectionable material was consistent with the mandate against the availability of objectionable material in the sentencing process. There was no error.

*Judgment affirmed.*