429 So.2d 421 (1983)
Ivey Rudolph CROSBY, Appellant,
v.
STATE of Florida, Appellee.
No. AM-483.
District Court of Appeal of Florida, First District.
March 31, 1983.
*422 Michael Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
Crosby, a seventeen year old juvenile, appeals the sentence imposed by the trial court which finds him suitable for adult sanctions. Appellant argues that the trial court erred by considering prior arrests not leading to convictions, and by equating those arrests with guilt, in determining that appellant was suitable for adult sanctions. Although we disagree with appellant's contention that a trial court may not consider mere arrests for purposes of sentencing, the record reveals that the trial court here impermissibly considered mere arrests as evidence of guilt. We reverse and remand.
Crosby was charged by information with the offense of carrying a concealed weapon on October 26, 1981. He entered a plea of guilty in exchange for the state's non-binding recommendation of a sentence cap of 364 days in county jail. The court accepted the plea and ordered a predisposition report be prepared prior to sentencing. During the sentencing proceedings on May 21, 1982, appellant took exception to the trial court's consideration of several offenses reflected in the predisposition report which were never filed or which reflected a nolle prosequi. The trial judge replied in part, "[T]he juvenile may, in fact, be guilty, not legally or adjudicated, but the facts are such that it is a prima facie case that he is guilty, even though it may show a nol pros." The trial court found appellant not suitable for treatment in a youth program outside the adult correctional system, and sentenced appellant to a term of imprisonment of five years in the youthful offender program, suspended after serving three years incarceration, to be followed by two years in a community control program. In his oral pronouncements, and in the written order justifying the imposition of adult sanctions, the trial court made express references to charges which had not led to convictions.
Appellant first argues that prior arrests not resulting in adjudications should not be considered for purposes of sentencing and that predisposition reports should not contain this information. Appellant cites the ABA Standards for Criminal Justice, Std. 18-5.1(d)(ii)(B) (2d Ed. 1980) to support this position as well as several cases from other jurisdictions. See, e.g., State v. Williams, 137 Vt. 360, 406 A.2d 375 (1979); Minis v. State, 150 Ga. App. 671, 258 S.E.2d 308 (1979). Those jurisdictions which follow this line of authority do so primarily because of the fear that a defendant might actually be punished for a crime of which he was not convicted. This rationale, however, assumes that a trial court will consider the mere arrest information as some evidence of guilt. We cannot accept this assumption.
The only Florida case directly addressing this issue is Jansson v. State, 399 So.2d 1061 (Fla. 4th DCA 1981). In Jansson a presentence investigation report indicated that the defendant had been previously arrested on eighteen occasions, and that most of the charges had been dismissed or turned over to other agencies. The court in Jansson, after acknowledging that the states are split on this subject, held that a trial court can consider a defendant's prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests. We agree with appellee that Jansson provides the proper rule.
We note also that on the facts of the instant case the trial court was required by statute to consider the arrests of appellant in determining his suitability for adult sanctions.[1] *423 Section 39.111(6), Florida Statutes (1981) provides, inter alia, that when a child has been found to have committed a violation of Florida law the court shall receive and consider a predisposition report. After considering the predisposition report, the court shall determine suitability or non-suitability for adult sanctions before any other determination of disposition. Among the criteria from which the suitability determination shall be made is the following: "Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts... ." Section 39.111(6)(c)5.a., Fla. Stat. (1981) (emphasis added).
Applying the holding of Jansson to the facts at bar, it appears that the trial court here impermissibly considered prior arrests of appellant not leading to convictions as evidence of guilt. We cannot ignore the statement by the trial court, quoted supra, that the juvenile may, in fact, be guilty of the crimes for which he was arrested but not convicted. This statement demonstrates an improper use of this information by the trial court. By contrast, in Jansson the trial judge candidly discussed his consideration of the arrests in regard to the sentencing, but indicated that the primary reason for the sentence was not the arrest record of the defendant, but was in fact the crime in question. The trial court in Jansson concluded that the defendant's burglary of an occupied dwelling in a manner showing sophistication and a professional approach warranted the sentence given. Since the sentencing proceeding sub judice fails the test established by Jansson, appellant's sentence is REVERSED and the cause REMANDED for new sentencing procedures not inconsistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Section 39.111(6), Fla. Stat. (1981) provides in pertinent part:

(6) When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:
(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child.
(b) After considering the predisposition report, the court, in order to determine suitability, shall give all parties present at the hearing an opportunity to comment on the issue of sentence and any proposed rehabilitative plan. These parties shall include, if present: The parents or guardians of the child, the child's counsel, the state attorney or assistant state attorney, representatives of the department, the victim or his representative, if any, representatives of the school system, and the law enforcement officers involved in the case.
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.