### In re Steve Pernicka

[478 A.2d 224]

No. 83-261

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 6, 1984

*Peter F. Langrock* and *James W. Swift* of *Langrock Sperry Parker & Wool,* Middlebury, for Petitioner-Appellant.

*David G. Miller* and *Helen V. Torino,* Franklin County State's Attorneys, and *Christopher A. Micciche,* Deputy State's Attorney (On the Brief), St. Albans, for Respondent-Appellee.

**Billings, C.J.** Defendant-appellant appeals from a Franklin Superior Court denial of his petition for post-conviction relief pursuant to 13 V.S.A. § 7131. Defendant had requested the Superior Court to vacate, or in the alternative, reduce his sentence of consecutive jail terms of up to seventeen years for child abuse and aggravated assault. As grounds for his petition, defendant alleged that the sentencing court violated his right to due process and the bar against double jeopardy by considering evidence of criminal activity not contained in the State's information and charge.

In 1981 defendant was charged with aggravated assault, 13 V.S.A. § 1024(a)(1), and child abuse, 13 V.S.A. § 1304, both allegedly committed against defendant's seven month old daughter. Defendant entered into a plea agreement with the State, pursuant to V.R.Cr.P. 11(e). Under the terms of the agreement, defendant would plead guilty to both charges, as well as acknowledge culpability for acts of aggravated assault and child abuse committed against his infant son. In return, the State agreed not to bring charges against the defendant for the assault and abuse of his son, and to recommend suspended sentences, together with long-term psychiatric treatment, for the charges concerning defendant's daughter. The agreement was rejected by the court. V.R.Cr.P. 11(e)(4). Nevertheless, defendant pled guilty to the charges concern-

ing his daughter, and a presentence investigation report (PSI) was ordered. V.R.Cr.P. 32(c).

At the sentencing hearing, the court asked if the parties were satisfied with the PSI. Defense counsel responded that, except for one paragraph that defendant had excised, they were "content" with the report. Left in the PSI were descriptions of and repeated references to the injuries inflicted by the defendant on his son, and various psychologists' reports of defendant's attitude concerning these injuries. The court next asked whether the reference to defendant's son, contained in the rejected plea agreement, was relevant to the sentencing hearing. Defense counsel stated to the court that although the plea agreement had been rejected by the court, his client was still "standing by it" as far as acknowledging his responsibility for the criminal acts committed against his son. Counsel for the State explained to the court that even though sentencing was to be based on the crimes committed against defendant's daughter, to which defendant had pled guilty, the court should "be aware that the defendant continued on a course of conduct which included a subsequent . . . child . . . ." The court then informed the parties that it had requested the presence of the children's treating physician, in order to elicit testimony from him concerning the extent of the injuries and the physician's opinion concerning their cause. Asked by the court if either side wished to object to the proposed physician's testimony, both counsel for the State and the defendant stated they had no objection. In response to questions from the bench, the physician described the injuries to both defendant's daughter and son, the number of times he had been called to treat the children for the injuries, and his increased suspicions of child abuse concerning both children. The only objection raised by the defendant to the doctor's testimony was to a description of certain life-saving surgery performed on the defendant's son following an abusive incident. After the close of testimony and counsels' closing arguments, the court, in announcing its sentence, indicated that in deciding on defendant's sentence, it had considered the evidence presented concerning the injuries inflicted on the defendant's son.

Citing *State* v. *Williams,* 137 Vt. 360, 406 A.2d 375 (1979), defendant argues that this Court is required to remand for

resentencing because the sentencing court considered the evidence of criminal conduct respecting defendant's son in its sentencing decision. In *Williams,* the sentencing court had before it "hearsay information about criminal activities . . . on the part of the defendant for which he had never been charged, tried or convicted." *Id.* at 364, 406 A.2d at 377. Over defendant's objection, the court explained that the information was relevant as to "defendant's propensities and the type of sentence that would best address the defendant's problems." *Id.* In vacating the sentence and remanding for resentencing, this Court held:

> Irrespective of diagnostic or therapeutic advantages, consistency with the basic concerns of criminal justice compel us to prohibit, even in sentencing proceedings, the use of mere assertions of criminal activities in any way in aid of determining disposition.

*Id.*

■ Defendant's reliance on *Williams* is unavailing. Unlike the defendant in *Williams,* defendant here failed to object to any of the evidence of his abusive treatment of his son as presented in either the PSI or the doctor's testimony. Only one objection was voiced, and that was to a description of his son's surgery following an incident of abuse, not to the doctor's description of the injury leading to the surgery. Nor is there any suggestion that the absence of objection here was based on ineffective assistance of counsel, or was the product of a decision to which defendant was not in acquiescence; the record reveals a deliberate defense strategy of baring all in the hope of convincing the sentencing court of the defendant's remorse and attempts at rehabilitation. On these facts, we find that the defendant waived any objection he may have had to the introduction of uncharged evidence of criminal mistreatment of his son at the sentencing hearing. *In re Mecier,* 143 Vt. 23, 27, 460 A.2d 472, 475–76 (1983); *State v. Cyr,* 141 Vt. 355, 357, 449 A.2d 926, 927 (1982); *State v. Colby,* 140 Vt. 638, 642–43, 443 A.2d 456, 458 (1982); *State v. McGrath,* 130 Vt. 400, 405–06, 296 A.2d 636, 638 (1972); *State v. Ladabouche,* 127 Vt. 171, 174, 243 A.2d 769, 771–72 (1968).

Defendant next contends that the sentencing court violated the bar against double jeopardy. He argues that since the court's sentence was based, in part, on defendant's uncharged criminal conduct involving his son, "it is still possible that those injuries could form the basis for additional criminal charges." The argument is speculative and premature, grounded in an issue that is not part of the case at bar. See *State* v. *Nash*, 144 Vt. 427, 479 A.2d 757 (1984). "The proper time and method to challenge a subsequent charge on the grounds of former jeopardy is at the time such a charge is instituted . . . ." *Id.* at 435, 479 A.2d at 761.

*Affirmed.*