I am authorized to state that Justice Peck joins in this opinion.

## State of Vermont v. William Robinson

[498 A.2d 503]

No. 82-374

Present: **Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned**

Opinion Filed June 21, 1985

*John A. Rocray*, Windham County State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Per Curiam.** Defendant appeals a sentence of 5 months to 8 years, imposed upon him after he pled guilty to assault and robbery. Defendant claims the sentencing court erred in refusing to suppress the presentence investigation report (PSI), which he says contained numerous references to unproved allegations of criminal conduct, in violation of *State* v. *Williams*, 137 Vt. 360, 364, 406 A.2d 375, 377 (1979), *cert. denied*, 444 U.S. 1048 (1980).

■ The PSI recited rumors that defendant was an habitual sneak thief, and had committed various other crimes, including stealing from his mother's purse. The sheriff described defendant as "untrustworthy," a polite, nonviolent thief and liar who had been "beating the system for a long time." The probation officer who prepared the PSI wrote in the "Evaluation" section that he had "rarely elicited more suspicion of specific thievery and dishonesty which has been unproved, than in this case," concluding that defendant was either amoral or a compulsive, remorseless criminal.

The sentencing judge stated that he had not relied on material that *Williams, supra,* barred him from considering, but added that he had "relied, to a certain extent, on the opinions of [the probation officer]." The judge did not further specify what material he was relying upon or what he was disregarding.

■ We conclude that defendant's sentence should be vacated and the case remanded for resentencing in light of this Court's

decision in *State* v. *Ramsay*, 146 Vt. 70, 499 A.2d 15 (1985). In so ordering, we note that material information in a PSI "should be factual and verified by the preparer." III ABA Standards for Criminal Justice § 18-5.1(c) (2d ed. 1980).

*Sentence vacated. Remanded for resentencing before a different judge.*