# State of Vermont v. Larry Messier

[533 A.2d 1192]

No. 86-144

Present: Allen, C.J., Hill, Peck and Gibson, JJ.,[1] and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed August 28, 1987

*Helen V. Torino*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, and *Steve Dunham*, Public Defender, St. Albans, for Defendant-Appellant.

**Peck, J.** Defendant appeals the Franklin County Superior Court's denial of his motion to reduce sentence, made under the provisions of 13 V.S.A. § 7042. We vacate the court's order on jurisdictional grounds.

Defendant raises two issues on appeal. First, he notes that his motion was heard by the presiding judge sitting alone, and he argues that the proceedings were jurisdictionally void because assistant judges were available. Second, he contends that the trial court erred in denying the motion without making findings or including a statement of reasons for the denial.

In 1982, defendant was convicted, following trial by jury, of two counts of sexual assault and one count of lewd and lascivious conduct with a child. The trial was held before a presiding judge and

---

[1] Justices Hill and Gibson were present for oral argument but did not participate in this decision.

two assistant judges in Franklin County Superior Court, and defendant was sentenced to a prison term of six to twelve years. After an unsuccessful appeal to this Court, see *State* v. *Messier*, 146 Vt. 145, 499 A.2d 32 (1985), defendant filed a motion to reduce sentence. An evidentiary hearing was scheduled to take place in Addison County, where the presiding judge was then sitting; no objection was made to this change in location. At the outset of the hearing, the presiding judge stated that "both of the assistant judges who originally sat on this matter . . . are no longer as I understand it assistant judges and, obviously, are not present. Given the position of the Supreme Court, I assume the defendant has no objection to the fact that there will be no assistant judges participating in this matter." Defense counsel had "no solution to the problem" and stated that defendant had no objection. The hearing proceeded without assistant judges, and, on March 3, 1985, the presiding judge denied the motion to reduce sentence.

Section 112(a) of Title 4 V.S.A. provides: "The superior court shall consist of one presiding judge and two assistant judges, if available." Only in the event that neither assistant judge is "available" to participate in the proceedings may "the court . . . consist of the presiding judge alone." 4 V.S.A. § 112(c). Thus, upon review, unless the record indicates on its face that both assistant judges were unavailable, this Court will find the proceedings to have been jurisdictionally void. See *Behn* v. *Northeast Appraisal Co.*, 145 Vt. 101, 106-07, 483 A.2d 604, 607-08 (1984); *Vermont Union School District No. 21* v. *H.P. Cummings Construction Co.*, 143 Vt. 416, 422, 469 A.2d 742, 746 (1983).

We hold that the lower court here was without jurisdiction to consider defendant's motion for a reduction of sentence. The presiding judge's determination of unavailability did not go far enough. Implicit in his reasoning was the assumption that, once the assistant judges sitting on a particular case have retired, no other assistant judges can become "available" for further hearings on that matter. However, we find no statutory or other authority for this proposition,[2] and the jurisdictional mandate regarding assistant judges remains clear. Moreover, assent of the parties is of

---

[2] As the State notes, Vermont law incorporates a strong preference that sentencing be conducted by the judge or judges who sit at trial. See *State* v. *Manning*, 141 Vt. 192, 196-99, 446 A.2d 775, 777 (1982). However, this preference must yield to practical considerations where linked to jurisdictional requirements.

no significance where a jurisdictional requisite is involved. *Vermont Union School District No. 21*, 143 Vt. at 422, 469 A.2d at 746. Because the record includes no indication that the new assistant judges for Franklin County were unavailable, the hearing court appears to have been improperly constituted and its order is void.

Defendant also argues that, on remand, the hearing on his motion should be conducted before a different presiding judge "[t]o ensure no inadvertent prejudice." But this is not a case where improper materials were considered by the sentencing judge, and no danger of prejudice has been demonstrated. Cf. *State* v. *Williams*, 137 Vt. 360, 364-65, 406 A.2d 375, 377 (1979). Therefore, it would be inappropriate to require hearing by a different presiding judge on remand.

Because of our disposition of the matter, we do not reach defendant's second argument.

*Order vacated and cause remanded.*