## STATE *vs.* HENRY F. ESTABROOKS.

### January Term, 1898.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson and Start, JJ.

*Perjury—Indictment Insufficient—V. S. 5417 form 50—V. S. 5180.*

The affidavit appended to the statutory personal property mortgage is "an oath required by law," within the meaning of V. S. 5080, and perjury may be properly assigned for wilfully swearing falsely therein.

The indictment in question undertook to charge perjury, in the making of an affidavit to a chattel mortgage, in that it falsely stated that the debt was a just one and that the mortgage was given to secure it; but the indictment failed to set forth the condition of the mortgage, and to describe any debt purporting to be due from the mortgagor to the respondent. *Held*, insufficient on demurrer.

*Held*, insufficient, also, in failing to allege that the affidavit was appended, or made to be appended, to the mortgage, and in failing to allege that the property was of a kind and in a situation to be the subject of a chattel mortgage, and in failing to set forth the mortgage, or aver that it was one which the law required to be verified by oath.

Indictment for perjury. Heard on demurrer to the indictment at the December Term, 1897, Caledonia County,

*Thompson,* J., presiding. Demurrer overruled and indictment adjudged sufficient, The respondent excepted.

*Bates, May & Simonds* and *Dunnett & Slack,* · for the respondent, cited Clark's·Crim. Pro. pp. 156, 157, note 87 and cases cited: *State* v. *Collins,* 62 Vt. 195; *State* v. *McCone,* 59 Vt. 118; *State* v. *Keach,* 40 Vt. 118; *State* v. *Doherty,* 103 Mass. 443; *Rex* v. *Aylett,* 1 T. R. 63, 69; *Reg.* v. *Thomas,* 2 Car. & Kir. 806; *State* v. *Powell,* 28 Tex. 626; *Dodge* v. *State,* 24 N. J. L. 455; *Carpenter* v. *State,* 4 How 163: 34 Am. Dec. 116; *Saco* v. *Wentworth,* 37 Me. 165; *State* v. *Anderson,* 103 Ind. 170; *State* v. *Reynolds,* 108 Ind. 353; *State* v. *Wood,* 110 Ind. 82; *State* v. *Cunningham,* 116 Ind. 209; *State* v. *Shupe,* 16 Ia. 36: 85 Am. Dec. and note on p. 497; *State* v. *Schill,* 27 Ia. 263; *State* v. *Green,* 24 Ark. 591; *Kerr* v. *People,* 42 Ill. 307; *State* v. *Bixler,* 62 Md. 354; Cons. of Vt. Art. 10; Story, Com. on Cons., § 1783; *State* v. *Hodgson,* 66 Vt. 134; 168 U. S. 262; *U. S.* v. *Cruikshank,* 92 U. S. 542; *U. S.* v. *Mills,* 7 Pet. 142; *U.S.* v. *Cook,* 17 Wall. 174; 1 Arch. Crim. Pr. and Pl. 291; 2 Story, Cons. § 1785; *Hewitt* v. *State,* 25 Tex. 722; *Abram* v. *State,* 25 Miss. 590; *Huntsman* v. *State,* 12 Tex. App. 619; *Landringham* v. *State,* 49 Ind. 186; *State* v. *Mace,* 76 Me. 64; *State* v. *Startup,* 39 N. J. L. 424; *People* v. *Stark,* 136 N. Y. 538; *People* v. *Dumar,* 106 N.Y. 502; *State* v. *Terry,* 109 Mo. 601; *State* v. *Krueger,* 134 Mo. 262; *State* v. *Brandt,* 41 Ia. 593; *U. S.* v. *Ford,* 34 Fed. Rep. 28; *U. S.* v. *Staton,* 2 Flipp. C. C. 319; Wharton, Crim. Prac. and Pl. § 90; Ordonaux, Cons. Leg. p 259; *State* v. *Fiske,* 66 Vt. 434; *State* v. *Simons,* 30 Vt. 622; *Ortner* v. *People,* 6 Thomp. and Cook, 548; *State* v. *Bowleus,* 3 Heisk. (Tenn.) 29; *People* v. *Gage,* 26 Mich. 30; *Heintz* v. *Union Quarter Sessions,* 45 N. J. L. 523; *Silver* v. *State,* 17 Ohio, 365; *State* v. *McCarthy,* 41 Minn. 59; *State* v. *Chandler,* 42 Vt. 446; *Langford* v. *State,* 9 Tex. App. 283; *Linn* v. *Com.,* 96 Pa. St. 285; *State* v. *Day,* 3 Vt. 142; *State* v. *Higgins,* 53 Vt. 191; *State* v. *Miller,* 60

Vt. 90; *State* v. *Benjamin*, 49 Vt. 101; *Moore* v. *Com.*, 6 Met. 243; *State* v. *Collins*, 62 Vt. 195; *Bradlaugh* v. *Reg.*, 3 L. R. Q. B. Div. 619; Wharton, Crim. Pl. and Prac. 221.

*William H. Taylor*, State's Attorney, for the State.

(1) The indictment charges perjury in two counts under V. S. § 5080, which provides: "A person of whom an oath is required by law, who wilfully swears falsely in regard to *any matter or thing* respecting which such oath is required, shall be guilty of perjury and punished as provided in the preceding section."

The offense charged would not be perjury at common law, the alleged false-swearing not having been given "in the course of justice." In Vermont the common-law crime of perjury has been extended and enlarged by statute to include false swearing "in regard to any matter or thing respecting which an oath is required" by law.

The affidavit appended to the statutory personal property mortgage is "an oath required by law" within the meaning of V. S. § 5080, and perjury is properly assigned for wilfully swearing falsely therein.

The law authorizing and requiring the taking of the oath alleged in the indictment is found at § 2253, V. S., which provides: "Each mortgagor and mortgagee, or in the absence of the mortgagee, his agent or attorney, shall make and subscribe an affidavit in substance as follows: "We severally swear that the foregoing mortgage is made for the purpose of securing the debt specified in the conditions thereof, and for no other purpose, and that the same is a just debt, due and owing from the morgagor to the mortgagee." *State* v. *Collins*, 62 Vt. 195: Ex parte Carpenter, 64 Cal. 267; *Foreman* v. *Union and Advertiser Co.*, 83 Hun. 385.

The first count charges perjury in the ordinary form for laying the offense when the alleged false swearing is in the nature of an affidavit. ' Bishop's Directions and Forms, § 874 and cases cited in notes.

The second count charges perjury in the statutory form, V. S., § 5417, form 50, revising No. 29, Acts of 1890, § 2.

The first count is sufficient in either view, whether considered as a common-law form of pleading or as a substantial compliance with the statutory form. The rigor of the old common law in charging perjury has been greatly modified by statute, both in England and in this country. V. S., § 5083 prescribes the requirements of an indictment at common law in this state. The legislature has attempted to do away with the technicalities of the early procedure, and this it has authority to do, subject to the limitation contained in Article 10 of our constitution, viz.: that the respondent shall be apprised of the cause and nature of the accusation against him.

The requirements of the constitution are satisfied if the respondent is apprised with reasonable certainty as to what accusation he must meet at the trial, and if the charge is sufficiently explicit to protect him from being twice put in jeopardy on the same accusation. The word perjury, *ex vi termini*, sufficiently charges all the essentials of the crime. *State* v. *Camley*, 67 Vt. 322; *Georson* v. *Com.*, 99 Pa. St. 388; *State* v. *Ah Lee*, 18 Ore. 542; *State* v. *Corson*, 59 Me. 137; *State* v. *Casey*, 45 Me. 435; *Com.* v. *Ashley*, 2 Gray 356; *State* v. *Peters*, 107 N. C. 883; *People* v. *Williams*, 92 Hun. 354; *People* v. *Williams*, 149 N. Y. 1; Bishop's Directions and Forms, 872, and cases cited in notes.

It is unnecessary to allege that the oath taken was required by law, that being a conclusion of law to be drawn from facts set out. If sufficient facts are set out in the inducement, or if the affidavit itself, as recited, sufficiently states such facts, the requirements of the rule as to pleading on a statute have been complied with in this particular.

(2) The indictment designates the instrument as to which the alleged false oath was taken by its statutory title. It is first spoken of by its usual name, "chattel mortgage," and is then specified as being a "mortgage deed of

personal property," and the latter name is used in subsequent allegations of the first count.

(3) Both counts allege, in substance if not in terms, that the false oath was appended to an instrument in the execution of which the law requires an oath. But it is unnecessary in order to commit the crime of perjury in the way alleged in this indictment, that the false affidavit should actually be appended to the mortgage. The crime is perfected if the respondent and Mr. Harlow, in the proper execution of such mortgage, took and subscribed the affidavit recited in the indictment, the other elements of the offense existing.

(4) The second count follows the statutory form and is therefore sufficient if it apprises the respondent, with reasonable certainty, of the cause and nature of the accusation against him. Cases cited above.

TYLER, J. This indictment is based upon § 5080, V. S., which must be construed to include affidavits to chattel mortgages.

The purpose for which such a mortgage is given under § 2252 is, that the mortgagor may give the mortgagee security upon the personal property described in the mortgage, for the payment of the debt described in the condition thereof, the mortgagor retaining possession of the property until the condition is broken. By § 2253 the parties are required to make and subscribe an affidavit, in substance, that the mortgage is made for the purpose of securing the debt specified, and for no other purpose, and that the same is a just debt, due and owing from the mortgagor to the mortgagee, which affidavit, with the certificate of the oath signed by the authority administering the same, must be appended to such mortgage. A writing has no validity as a chattel mortgage unless it is given as such security.

It is alleged in substance in this indictment, that the respondent swore falsely that the mortgage was given for the purpose of securing the debt specified in the condition

thereof, and that the same was a just debt, etc., but the condition of the mortgage is not set out, nor is any debt described purporting to be due from Harlow to the respondent. The only other mention of a debt in the indictment is, that the mortgage was given "as security for the payment of a certain promissory note described in the condition of said mortgage deed," without alleging by whom the note was given nor to whom it was payable. The indictment is insufficient in not describing the pretended debt and in not alleging that the respondent swore falsely that it was a just debt honestly due and owing from Harlow to him, and that the mortgage was given as security for its payment.

Section 2253 requires that the affidavit, with the certificate of the oath signed by the authority administering the same shall be appended to such mortgage. This is a material matter, yet the indictment contains no direct allegation that the affidavit made and subscribed by the respondent was appended to the mortgage executed by Harlow to him, nor is there a necessary implication that the affidavit relates to that mortgage.

V. S. 2269 provides that certain machinery may be mortgaged by deed executed, acknowledged and recorded, as deeds of real estate, without the affidavit required in chattel mortgages under § 2251, 2252 and 2253. The indictment does not disclose what kind of personal property was mortgaged, nor whether it was situated in this state, nor allege that it was a kind of property and so situated that it was the subject of a chattel mortgage. The averment that it was "a chattel mortgage, to wit, a mortgage deed," is quite as consistent with its being a mortgage of machinery, such as is described in § 2269, as that it was property subject to a chattel mortgage.

There is no averment that the mortgage was one that was required by law to be verified by the respondent's oath, and the substance of the mortgage is not set out so that the court can form any judgment as to the necessity of an oath.

The indictment is too vague and indefinite in its material allegations to inform the respondent of the nature and cause of the accusation against him.   It does not fulfill the requirement of the Act of 1890, No. 29, V. S. 5083, nor the requirement of the constitution.   The mortgage is not so described or identified that a conviction or an acquittal in this case would be a bar to a further prosecution for the same cause.

The general rules of law relative to the form of indictments are stated in *State* v. *Rowell*, reported in this volume, and need not be repeated in this case.

> *Demurrer sustained; indictment adjudged insufficient and quashed.*