STATE *v.* JOSEPH A. DOW.

January Term, 1902.

Present: ROWELL, TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed March 3, 1902.

*Perjury—False statement in proof of loss under fire policy—*
*Sufficiency of indictment.*

An indictment for knowingly swearing to a false statement in a proof
of loss to a fire insurance company, with intent to defraud, which
fails to allege that a policy existed or that such proof is required
by law to be under oath, is insufficient.

INDICTMENT for perjury.    Heard on respondent's de-
murrer, at the September Term, 1901, Washington County,
*Munson,* J., presiding.   Demurrer overruled and indictment
adjudged sufficient.   The respondent excepted.

*Gordon & Jackson* for the respondent.

The indictment does not allege that the law requires the
proof to be under oath.  This omission is fatal.  *State* v.
*Rowell,* 70 Vt. 405; *State* v. *Estabrooks,* 70 Vt. 412; 16 Ency.
Pl. & Pr. 323-4.

The oath set out in the indictment is an idle performance.
A notary public has no authority to administer it.   2 Whart.
Crim. Law, §§ 1256-7, 1269; *Lambert* v. *People,* 76 N. Y. 220.

Perjury can be predicated only upon an oath required by
law.   V. S. 5079, 5080.

*Richard A. Hoar,* State's Attorney, for the state.

The indictment contains all the elements of the crime.    It
is drawn in compliance with Form 50, V. S. 5417.

An indictment is sufficient if the respondent is informed
with reasonable certainty of the cause and nature of the accu-
sation against him.  *State* v. *Camley,* 67 Vt. 324.

The oath is authorized by V. S. 5080. *State* v. *Smith,* 63 Vt. 208.

WATSON, J. The respondent is indicted for perjury under Laws of 1900, No. 64, in knowingly swearing to a false statement made in a proof of loss to a fire insurance company, with intent to defraud. The case is here on demurrer to the indictment, which contains two counts.

This act contemplates that at the time the loss occurred there was an insurance policy under which the proof of loss containing the false statement sworn to is being made. Without such policy there can be no crime.

Neither count contains any averment of that fact; nor does either count contain an averment that the proof of loss sworn to was one required by law to be under oath. For want of such averments, the indictment is insufficient. *State* v. *Rowell,* 70 Vt. 405, 41 Atl. 430; *State* v. *Estabrooks,* 70 Vt. 412, 41 Atl. 499.

*Judgment reversed, demurrer sustained, indictment adjudged insufficient, and quashed.*