# State of Vermont v. Richard E. Alexander and Lorraine M. Alexander

[286 A.2d 262]

No. 16-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*James M. Jeffords,* Attorney General, and *H. Russell Morss,* Assistant Attorney General, for Plaintiff.

*Edward A. John, Ralph Chapman,* Brattleboro, for Defendants.

**Keyser, J.** This is an appeal before final judgment upon questions certified to this Court by the Vermont District Court, Unit No. 6, Windham Circuit.

Upon application of the state's attorney of Windham County, the district court held a criminal inquest as authorized

by 13 V.S.A. §§ 5131–5137 the subject matter of which arose out of a fire at the so-called Jelly Mill property in West Dummerston. As a result of the testimony at the inquest, criminal proceedings were brought against the respondents by numerous informations on a multiplicity of alleged offenses—offering for sale, selling and installing fire detection equipment not approved by the state fire marshal, also doing such acts without a license, conspiring to do such acts and interference with telephone wires.

The inquest was held on January 28, 1970, and Mr. Alexander, at his own request, was the first witness to testify. He was not under subpoena to appear. The sheriff of Windham County was present throughout the inquest sitting at the counsel table with the state's attorney and participated in the proceedings by asking questions of several witnesses.

After the attorney general brought the criminal charges against the respondents they were met by a motion to dismiss the complaints and also by a motion to suppress the evidence developed by the inquest. The ground of the latter motion was that the mandate of secrecy imposed by the statutes governing inquests was violated. They also requested that the court order the state to refrain from using any of the information derived from the inquest.

After hearing the motions the court denied the motion to dismiss and made the following entry on the motion to suppress:

A. The Motion to Suppress is granted on the grounds that:

1. An inquest is a discovery proceeding designed to assist the State in investigating possible criminal activities.

2. By virtue of 13 V.S.A. § 5134, an inquest is a secret proceeding and only the officers therein named shall have access to the testimony therein given.

3. By necessary implication, said section also prohibits others, except those specifically authorized by statute, from being present at an inquest.

4. William Graham, Sheriff of Windham County, was present throughout the entire Inquest; he interrogated

several witnesses, including the Respondent; and he was given a copy of the transcript of the testimony taken at said Inquest.

5. Although Respondent, and others who testified, did not object to the Sheriff's presence, such objection would have been immaterial because his presence was not specifically permitted by statute.

6. The statute specifically prohibits the minutes of the testimony being given to anyone other than those officers named in the statute without approval of the Supreme or County Court, and such other officers do not include sheriffs.

7. No approval of the Supreme or County Court was obtained.

8. Furthermore, with respect to the testimony of the Respondent, David Gibson, Esquire, then State's Attorney, testified that he told Respondent he would not deliver the transcript of Respondent's testimony to the Attorney General, and this Court elects to honor such commitment.

Therefore, it is ordered hereby that the transcript of the testimony taken during such Inquest is suppressed forthwith and all testimony elicited during such Inquest shall not be available hereafter for the purpose of prosecuting the Respondent. The exhibits introduced are not suppressed by this order.

The information relating to the Jelly Mill property came on for trial by jury on December 15, 1970. The information contained six counts—three against both respondents and three others against only Mr. Alexander. After the first witness for the state had answered several preliminary questions, the defense counsel objected to his further testifying on the ground that it would amount to a violation of the court's order relative to the suppression of testimony given at the inquest.

The court sustained the objection of defense counsel. In ruling on the motion it said, "We won't prevent him from testifying in any material way, provided he doesn't testify to the same thing he did during the inquest." The court also ruled that the other witnesses subpoenaed were prevented

from testifying in the trial to the same matters they did during the inquest.

The prosecuting officer stated that without this testimony the state was not in a position to produce sufficient evidence to sustain a conviction. Thereupon, counsel for the respondents moved that the court dismiss the charges presently pending in the court against them. The court ruled on the motion as follows:

Respondents' Motion to Dismiss all counts in this cause is granted.

The basis for the Court's ruling is:

1. The state has conceded it has insufficient evidence to sustain its burden, other than that which was elicited during the inquest; and that the witnesses at such inquest would testify substantially the same during trial of this cause.

2. For the reasons stated in this Court's Entry on file, it was ordered that all testimony elicited at said inquest be suppressed and that same not be used by the State for purposes of prosecuting these Respondents.

3. Because said testimony is not admissible on trial, pursuant to the Court's prior ruling, and because the State has no additional evidence, Respondent's Motion to Dismiss is granted.

The state was allowed the right to appeal before final judgment and was ordered to prepare and submit questions for certification.

The case comes to us on the following five questions certified for review. The first three relate (1) to the presence of the county sheriff at the criminal inquest, (2) his participation in the proceedings and (3) his being provided with a transcript of the inquest proceedings. The certified questions as to each of these factual situations is whether they constitute a legal basis for an interlocutory order:

a. Suppressing the transcript of the testimony taken at such inquest and ordering that all the testimony elicited during the inquest shall not be available thereafter for the purpose of prosecuting the respondent?

b. Barring the prosecution from eliciting the same, or substantially the same testimony, from the inquest witnesses called to testify upon trials of the respondent on information resulting from the inquest and based principally upon the testimony of the inquest witness?

The fourth question is whether the fact that the state's attorney conducting the inquest represented to respondent Alexander before he testified that he would not deliver a transcript of respondent's testimony to the attorney general but, following the resignation of that state's attorney, a full transcript was obtained by the attorney general for the purpose of determining what future action should be taken, is a legal basis for an interlocutory order as stated in paragraphs (a) and (b) *supra*.

The fifth certified question is whether the interlocutory order entered by the court will "bar inquest witnesses from testifying as to the same subject matter or giving substantially the same testimony at subsequent trials of informations principally based upon and resulting from their testimony given at such inquest?"

We are confined strictly to the questions certified and other questions not within the purview of those certified are not for consideration. *In re Crescent Beach Assn.,* 126 Vt. 448, 453, 236 A.2d 497 (1967).

The first three certified questions raise identical issues and are grouped together for consideration. There is no dispute as to the factual situation stated in each question.

The respondents contend that a criminal inquest is a secret proceeding and that under the facts shown the proceeding here was in violation both of the rule of secrecy made evident by the statutes and of the respondents' substantial rights. The state does not agree and claims that the respondents have not established that any of their constitutional rights have been trespassed upon.

Notwithstanding argument to the contrary, there is no constitutional issue raised by the certified questions. Rather, the question is whether the provisions of 13 V.S.A. §§ 5131–5137 were violated, and, if so, what effect this has on the trial of the pending complaints.

The statutes do not expressly provide that an inquest is strictly a secret investigatory proceeding. The intention of the legislature concerning secrecy of the product of the inquest is laid in 13 V.S.A. § 5134. The language there used is plain and clear that secrecy is mandated. The statute specifically provides that the stenographer "shall be sworn to keep secret all matters and things coming before the judge at such inquest" and "shall not disclose testimony so taken by him except to the attorney general, state's attorney and the judge holding the inquest." The stenographer may not otherwise disclose such evidence except on an order of supreme or county court. A stenographer who violates these provisions is subject to a severe penalty. 13 V.S.A. § 5135. 13 V.S.A. § 5134 further provides: "The minutes of testimony so taken shall be the property of the state and the same or copy thereof shall not go out of the possession of such attorney general, state's attorney or their successors except to an attorney appointed by the supreme court or county court to act in the place of or assist a state's attorney."

An inquest is essentially a "criminal proceeding" within the scope of constitutional guaranties. *State* v. *Allison*, 116 Mont. 352, 153 P.2d 141, 143 (1944). Although the inquest statutes are not penal and the proceeding is not accusative, the investigation relates to criminal matters to determine the existence of probable cause and are thus to be strictly construed. In other words, the statutes will not be regarded as including anything not clearly and intelligibly described in the words thereof, and manifestly intended by the legislature. *Guild* v. *Prentis*, 83 Vt. 212, 74 A. 1115 (1910).

The facts before us establish a distinct violation of 13 V.S.A. § 5134 adversely affecting the matter of secrecy. The presence of the sheriff and his participation in the inquest proceeding was opposed to the letter and spirit of the statute. And the receipt of the transcript of the testimony by the sheriff was likewise illegal. Even a city grand juror may not have the testimony taken at an inquest made available to him. *Hackel* v. *Williams*, 122 Vt. 168, 167 A.2d 364 (1961).

■ The minutes of the testimony taken at an inquest are the property of the state for the use and benefit of the state and its officers and no private person is entitled to a transcript thereof except by order of the supreme or county court. *State v. Truba*, 88 Vt. 557, 561, 93 A. 293 (1915); *State v. Goyet*, 119 Vt. 167, 170, 122 A.2d 862 (1956).

In the *Truba* case, the Court also said at 88 Vt. at 561, "In accordance with the general policy of the law, the inquest provided for by the act referred to is a secret investigation." And in reference to the transcript of the evidence taken at an inquest, the court pointed out that "It is altogether like minutes taken before the grand jury, which cannot be disclosed except by order of court. (Cases cited omitted)."

■■ The proceedings before a grand jury and those of an inquest are similar in respect to secrecy. One real difference is that the grand jury determines the question of probable cause while an inquest is only an investigatory proceeding conducted by the state's attorney to aid him in deciding whether prosecution is warranted in relation to a crime. The inquest at most is but a discovery procedure. An inquest being only investigatory in nature and not the source of the prosecution an analogy with grand jury proceedings does not apply.

■ The inquest which violated the terms of the statute in this case is like a defective or illegal deposition which may be suppressed where proper and sufficient grounds are shown. 26A C.J.S. *Depositions* § 85. But its suppression does not prevent a party from retaking the deposition or to re-examine the witness. *Id.* § 86. See also 23 Am.Jur.2d *Depositions and Discovery* § 89.

■ We find no language in the statute, or any law, which gives the district court the authority to order "all testimony" elicited during the inquest suppressed for all purposes. Not only do the facts not justify such overall suppression but also the statute reserves the power to the supreme court or county court to order the stenographer to disclose such evidence and the district court could not override this provision.

This case does not involve a situation of using wrongfully obtained or illegally seized evidence to prove facts in support

of a conviction. Although the inquest was violative of the statute this fact does not work to the advantage claimed for it by the respondent. He appeared voluntarily, at his own request, and testified concerning the matter under investigation. A suggestion of prejudice to the respondent is not made apparent by the record. Manifestly, what occurred at the inquest can have no influence on, or capability of adversely affecting, a verdict in the trial of the case.

The question raised by the substance of the trial below was whether the witnesses who testified at the inquest were disqualified, or barred, from testifying at the trial of the case. It is in that context that the certified question is answered.

■ The violation in question does not bar the state from calling the same witnesses who appeared at the inquest to testify at the trial as to any facts within their knowledge.

■ ■ The questions certified cannot be given a yes or no answer. The nature of the questions and the context of the evidence at the trial at which the question was raised do not allow a categorical answer to the certified questions. "Only those questions should be certified up before judgment which bring with them a framework sufficient to enable this Court to render a decision which will be pertinent and inevitable in the disposition of the case below. This Court will not consider questions which are not raised by the substance of the proceedings below." *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390 (1962).

On argument respondents' counsel argued that the state's appeal was untimely taken and thereby depriving this Court of jurisdiction of the case. Our search of the record clearly shows the necessary procedures were complied with and the claim is without merit. *State* v. *Mahoney,* 126 Vt. 258, 259, 227 A.2d 401 (1967).

*The certified questions are answered in the manner stated in the opinion; cause remanded.*