## State of Vermont v. Arthur E. Ploof, Sr.

[336 A.2d 181]

No. 192-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Richard E. English*, State's Attorney and *John C. Deppman*, Special Deputy State's Attorney, Middlebury, for Plaintiff.

*Jon C. Stahl*, Assigned, Middlebury, for Defendant.

**Per Curiam.** Respondent Ploof seeks to reverse a ruling of the trial court denying his motion to suppress all evidence of testimony given by him at an inquest. The pending charge against him is perjury at that inquest. The basis for his motion is that unauthorized persons were present at the inquest, the clerk of the court and a deputy sheriff. The presence of these persons is uncontroverted; beyond the administration of the witness oath by the clerk, no participation by either of them is alleged.

Respondent's reliance upon *State v. Alexander*, 130 Vt. 54, 286 A.2d 262 (1971), is misplaced. As he asserts, the court's procedure clearly violated the secrecy provisions implicit in 13 V.S.A. § 5134, and no adequate reason for such violation appears. But it is not evidence obtained at the inquest which is sought to be used against him on trial; it is simply factual evidence of what happened at the inquest, the act of perjury alleged in the information. At the inquest,

acts of another were being inquired about, not his own possible criminal conduct. The intimations of *Alexander* that minutes of the inquest might be suppressed, like a deposition, on the showing of prejudice, are not here applicable. No prejudice is shown, since, unlike *Alexander*, there was no unauthorized participation in the inquisitorial process. And it is not here the content of a witness' testimony which is sought to be suppressed by a party, but testimony as to the verbal act of the respondent himself at the inquest. In simplest terms, what respondent seeks is to effectively preclude prosecution for perjury because his testimony was heard by persons who should not have been present. No legal principle compels or justifies such a holding.

We emphasize again that the procedure followed at the inquest is not to be condoned, and could very well result in testimony suppression in an appropriate case. But this is not the case; respondent's argument is unique, but without foundation.

*The order of the trial court denying respondent's motion to suppress is affirmed.*