### State of Vermont v. Paul D. Lawrence

[360 A.2d 55]

No. 249-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

Motion for Reargument Denied June 16, 1976

*Robert A. Gensburg*, St. Johnsbury, for Plaintiff.

*John J. Welch, Ltd.*, Rutland, for Defendant.

Billings, J. Defendant was convicted on two counts of perjury by false swearing as a result of a trial by court. 13 V.S.A. § 2904. The first count pertained to defendant's testimony during the trial of *State* v. *Young* (Docket No. 132-73, Franklin Superior Court), wherein he testified that he was discharged from military service because of medical complications resulting from an appendectomy. In actuality he was discharged for character unsuitability, for behavior disorders unrelated to the operation and for apathy as a soldier. The second count related to the identical testimony given in a deposition in the same case. The only evidence at trial was presented by the State. Defendant now appeals from the resulting conviction and judgment of guilty on each count.

Defendant claims that the State's evidence tended to prove a violation of the crime of common law perjury, a violation of 13 V.S.A. § 2901, rather than a violation of 13 V.S.A. § 2904, the crime with which he was here charged. At common law, and also under 13 V.S.A. § 2901, there are two essential elements that must be proved in order to sustain a conviction; first, that the false statement was material, *State* v. *Simons*, 30 Vt. 620 (1858); and, second, that the false statement occurred in a judicial proceeding. 13 V.S.A. § 2904 enlarges the scope of the crime of perjury so that it includes

false swearing relating to any matter respecting which an oath is required by law. *State* v. *Estabrooks*, 70 Vt. 412, 41 A. 499 (1898). Clearly the evidence presented here falls squarely under 13 V.S.A. § 2904, and defendant takes nothing by his claim of error.

Secondly, defendant claims error in that the State failed to prove, as is required by 13 V.S.A. § 2904, that the oaths here administered were required by law. Defendant, however, fares no better with this claim. V.R.Cr.P. 15(d) provides that in criminal cases, "a deposition shall be taken and filed in the manner provided in civil actions." V.R.C.P. 30(c) requires that in civil cases the witness be put on oath when he gives testimony at a deposition. The transcript of the trial and the deposition affirmatively show that an oath was administered in each instance. In a judicial proceeding a presumption arises that prior to testimony an oath is administered as required by law. *State* v. *Chamberlin*, 30 Vt. 559 (1858). In the proceedings here, the court had a right to take judicial notice that the oaths were required by law. In the case at bar, even if the court had not taken judicial notice, defendant stipulated to the admission of the trial transcript, stating in his concession as follows:

> [T]he foundation has been laid in all respects for its admission into evidence . . . and it was taken under an oath administered by Judge Gregg, the oath being of proper form, so that its admissibility is not contested. (Tr. p. 43.)

Additionally, defendant stated at the time of the stipulation as follows:

> [A] proper foundation has been laid for the introduction of this document into evidence, subject to our right to object with respect to relevancy, materiality and competency. (Tr. p. 44.)

And further, in clarifying the stipulation for the record, the State asked defendant, "But in each case where oath was required it was administered by someone directly and all transcripts are true and accurate verbatim transcripts?", to which defendant replied, "That's correct." (Tr. p. 45.) In light of

this stipulation, defendant can not now reverse his field to claim that the State failed to prove, by the required degree, that such oaths are required by law.

Finally, defendant claims error in that the State failed to prove that character and behavior disorders are not medical complications resulting from the appendectomy. The test here is what defendant actually stated as the reasons given in his discharge, and how the discharge actually read. The document speaks for itself and we are not here at liberty to look behind the stated reason. The trial court found upon credible evidence that defendant, both at the trial and in the deposition, testified that he was discharged because of medical unsuitability after an appendectomy, and the court found that the stated reason for special discharge was that he was unsuitable. for military service because of character and behavior disorders and apathy as a soldier. AR 635-209; SPN 264 and 46A.

The State having made a prima facie case against defendant as to the falsity of his testimony, the burden of going forward to explain the evidence rested with defendant. *State* v. *Chamberlin, supra.* Defendant had the burden of showing that apathy, character and behavior disorders were attributed to medical complications resulting from an appendectomy. Defendant failed to sustain this burden. The trial court's findings and conclusions on this point are amply supported by the record and no error is shown.

*Affirmed.*