### In re Certain Inquest Minutes

[409 A.2d 593]

No. 245-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 9, 1979

596

*M. Jerome Diamond,* Attorney General, *Gregory A. McKenzie,* Deputy Attorney General, and *David Putter,* Special Assistant Attorney General, Montpelier, for Petitioner.

**Per Curiam.** Certain inquest proceedings were held in connection with *State* v. *Lawrence,* 134 Vt. 373, 360 A.2d 55 (1976). They were held under the authority of 13 V.S.A. § 5131, which allows a judge of the district or county court to conduct an inquest "upon any criminal matter under investigation by the state's attorney."

An application under 13 V.S.A. § 5134 was made to the superior court for permission to disclose to certain persons a part of those minutes. The lower court denied the application as a matter of discretion without an evidentiary hearing, and that ruling was brought to this Court for review.

It affirmatively appears from the application below that the purpose for which the disclosure was sought was not for the investigation of criminal matters to determine the existence of probable cause to institute a criminal action. It is our law that the statutory authority under which inquests are conducted is to be strictly construed, and will not be regarded as including use for any purpose not clearly and intelligibly described in the statutory language so as to be manifestly within the legislative intent. *State* v. *Alexander,* 130 Vt. 54, 60, 286 A.2d 262, 265 (1971). The limitation as appropriately applies to the purposes for which disclosure is sought as to the original basis for the convening of the inquests. Therefore, the ruling below was soundly grounded and supportable at law.

*The denial of the application for permission to disclose the inquest minutes is affirmed.*