# State of Vermont v. Jane Wheel

[535 A.2d 328]

No. 87-270

Present: **Dooley, J., and Barney, C.J. (Ret.), Shangraw, C.J. (Ret.), Keyser, J. (Ret.) and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed September 11, 1987

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter* and *Phillip J. Cykon*, Assistant Attorneys General, Montpelier, for Plaintiff.

*Leonard F. Wing, Jr.*, of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant.

**Per Curiam.** Defendant in a false swearing case seeks permission to bring certain issues to this Court by interlocutory appeal under Rule 5(b) of the Vermont Rules of Appellate Procedure. The motion was first made in the district court and denied without opinion. The issues relate to claimed irregularities in an inquest during which the defendant is alleged to have given perjured testimony. Defendant claims that the testimony given in the inquest should be suppressed because: (1) defendant was questioned under oath without presence of counsel or *Miranda* warnings, and in violation of the separation of powers doctrine; (2) the inquest was improperly conducted by an assistant attorney general rather than a state's attorney, and (3) the presiding

judge had a past intimate relationship with the attorney who appeared for the State at the inquest.

■ Under Rule 5(b), the defendant must show three elements to obtain an interlocutory appeal: (1) the ruling to be appealed must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion on that question of law; and (3) an immediate appeal must materially advance the termination of the litigation. *Castle* v. *Sherburne Corp.*, 141 Vt. 157, 162, 446 A.2d 350, 352 (1982); *In re Pyramid Co.*, 141 Vt. 294, 300-07, 449 A.2d 915, 918-22 (1982); see also *Avery* v. *Bender*, 126 Vt. 342, 347, 230 A.2d 786, 790 (1967) ("litigation ought not to be disrupted by interlocutory appeals").

■ Whatever may be the merit to defendant's claims in isolation of their effect on the litigation, we find that they do not meet the first and third elements. First, a question of law is "controlling" when the question "governs the outcome of the litigation." *In re Pyramid Co.*, 141 Vt. at 302, 449 A.2d at 919. The questions defendant presents, we find, would not govern the outcome of the false swearing charge. Second, hearing the appeal would not advance the "ultimate termination" of the case. *Id.* at 305, 449 A.2d at 921. In fact, it would only serve to prolong it. This is not proper use of the Court's resources. *Id.* at 300, 449 A.2d at 918.

Defendant's logic on the first and third elements is simple. Defendant argues that since there were improprieties in the inquest, her testimony must be suppressed. Since it is the defendant's testimony that forms the basis of the charge, suppression will in defendant's view automatically leave the prosecution without proof of the charge, and it will have to be dismissed. Thus, defendant argues that resolution of the inquest issues will have controlling effect on the proceedings and will advance the termination of the litigation. The logic assumes that the remedy for inquest improprieties is suppression of the testimony and dismissal of the false swearing charge.

Precedent suggests strongly that the remedy defendant seeks is not available. In *State* v. *Ploof*, 133 Vt. 304, 336 A.2d 181 (1975), this Court ruled that the breach of secrecy in an inquest would not give rise to a suppression of inquest testimony in a perjury proceeding. The Court reasoned that it is the "verbal act" of perjury not the statement that forms the basis of the charge. *Id.* at 305, 336 A.2d at 181. Thus, it viewed suppression as an inappropriate attempt to erase the criminal act as if it never happened.

See also *State* v. *Alexander*, 130 Vt. 54, 61-62, 286 A.2d 262, 266 (1971) (violation of statutory secrecy requirement at an inquest does not prevent State from calling same witnesses at trial to give the same testimony as given at the inquest).

In *United States* v. *Wong*, 431 U.S. 174 (1977), the defendant claimed that inadequate warnings of the Fifth Amendment privilege to remain silent to a person called to testify before a grand jury should require suppression of that testimony in a perjury case based on the testimony. The United States Supreme Court denied the claim because it found that a constitutional violation of the type alleged does not justify perjury. *Id.* at 179. It amplified:

> But, as the Court has consistently held, perjury is not a permissible way of objecting to the Government's questions. "Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them." (Footnote omitted.) *Bryson* v. *United States*, 396 U. S. 64, 72 (1969); *United States* v. *Mandujano*, 425 U. S. at 577, 585 (Brennan, J. concurring in judgment); *id.*, at 609 (Stewart, J., concurring in judgment).

*Id.* at 180; see also *United States* v. *Weiss*, 752 F.2d 777, 786 (2d Cir.), *cert. denied*, 474 U.S. 944 (1985) (suppression of perjurious testimony for constitutional principles disallowed).

Defendant has made no showing here that would take this case out of the control of *Ploof* and *Wong*. The claims about the presence of an improper prosecuting attorney, the possible violations of the separation of powers doctrine, and the possible bias or conflict-of-interest of the presiding judge are comparable to the claim of breach of secrecy in *Ploof*. Even if there has been error, defendant has not shown that the errors justify suppression. The claims about the right to *Miranda* warnings and right to counsel are similar to the constitutional issue resolved by *Wong* in the grand jury context. If anything, the claims are weaker when applied to an inquest. See *State* v. *Alexander*, 130 Vt. at 61, 286 A.2d at 266 (inquest is "only investigatory in nature and not the source of prosecution").

Thus, even if there was error in the conduct of the inquest, that error will not offer a defense to the false swearing charge or a victory through the suppression motion. Accordingly, we can not find that the issues defendant has raised are controlling or that

their immediate resolution in this Court will materially advance the termination of the litigation. In fact, it is more likely that review at this stage will introduce lengthy delay with little prospect that this Court's action will resolve the case.

*Motion for permission to appeal is denied.*