Rutland Herald v. Vt. State Police, No. 595-8-10 Wncv (Crawford, J., Nov. 2, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

RUTLAND HERALD

v.                                           DOCKET NO.: 595-8-10 Wncv

VERMONT STATE POLICE
and OFFICE OF THE ATTORNEY GENERAL

DECISION ON PUBLIC RECORDS REQUEST

This is an action seeking a declaratory order that the defendants have failed to respond properly to a public records request. Both sides have filed motions for summary judgment.[1] The relevant facts are not in dispute.

FACTS

In January 2010, a staff member at the Vermont Department of Human Resources notified the Vermont State Police of suspicions that David McMullen, the Vermont Police Academy Training Coordinator for the Department of Homeland Security, was in possession of child pornography. The state police opened an investigation. A day after the seizure of computer equipment from his home, Mr. McMullen committed suicide.

By letter dated July 22, 2010, the Rutland Herald seeks disclosure of "all documents and police records related to the investigation of David McMullen—case number 10C100265—as well as any ancillary material pertaining to the investigation of suspected child pornography at the Vermont Police Academy." See also Stipulation and Order (approved Sept. 22, 2010) (clarifying the scope of the request). The State declined to produce these materials because "the records are by law designated confidential and . . . because the records deal with the detection and investigation of crime."

In response to a request from the court, the State produced the material it has withheld for *in camera* review. The court will attempt to describe these materials in a manner which preserves their confidentiality while providing a reasonable basis on which to explain its decision.

The materials submitted for review include final reports by three police investigators, an initial narrative report by an investigating officer, materials prepared by the Vermont Interstate Crimes against Children Task Force describing that agency's investigation,

---

[1] Plaintiff faults the State for not having provided a *Vaughn* index describing the withheld records and requests an opportunity for discovery before any ruling in the State's favor. *Vaughn* indexes are not required in all cases, and no such index could have altered the court's ruling in this case. Nor is there any apparent need or basis for discovery. The court has reviewed the requested records *in camera* and has an adequate record on which to rule.

materials related to a search warrant, a narrative report by the officer investigating Mr. McMullen's suicide and related documents, emails among the various police investigators concerning their search of various computers, a press release concerning the suicide, an email announcement concerning the resignation of RJ Elrick and the appointment of Colonel Baker as interim director of the police academy, a print-out of the Vermont Criminal Justice Training Council website page relating to staff, an inquest subpoena, responses from national organizations received by the criminal investigators, and notes of the investigators.

The materials turned over for review did not include any documents related to a separate investigation conducted by the Department of Human Resources. It did not include the emails described at the hearing among employees of the Vermont Police Academy. These materials are not within the investigation file concerning Mr. McMullen. The court is satisfied that the Vermont State Police do not have copies of these emails. It appears that the Department of Human Resources holds any records of the emails.[2]

The court has not reviewed the three CDs which were provided with the paper file. These appear to include interviews and the results of forensic computer searches. This is consistent with the markings on the CDs and the description of the course of the criminal investigation. Regardless of the precise contents, these materials were obtained by the criminal investigators assigned to the case and form part of the records of that investigation.

The materials turned over for review concern only the investigation of allegations of possession of child pornography and the circumstances of Mr. McMullen's suicide. The only exceptions were the press release and the email announcement of Colonel Baker's interim appointment. If the Rutland Herald has not already received these records, they should be turned over. The search warrant materials have already been provided to the Rutland Herald and appear in the parties' exhibits.

The court finds that with the two minor exceptions, all of the material provided for review relates to the investigation of possible criminal activity. It includes no material related to policy, employment practices, or other activities not directly related to a specific investigation.

ANALYSIS

The legal issue in this case is whether the State acted properly in withholding materials related to a criminal investigation and the inquest materials. In framing its analysis, the court has in mind the importance of disclosure of governmental activities within a democracy and the rule that exceptions to disclosure must be construed narrowly and in favor of disclosure. See *Wesco, Inc. v. Sorrell*, 177 Vt. 287, 291 (2004); *Springfield Terminal Railway Co. v. Agency of Transportation*, 174 Vt. 341, 345 (2002). The court also has in mind the significant interest of the State in public protection through the

---

[2] The e-mails thus are outside the scope of the Rutland Herald's request. The Department of Human Resources is not a party in this case.

investigation and prosecution of crimes. See *Caledonian-Record Publishing Co. v. Walton*, 154 Vt. 15, 21 (1990). It is not unusual for the need of the executive branch to maintain secrecy about criminal investigations to conflict with the public interest in knowing as much as possible about possible crimes in the community.

The provision primarily at issue is 1 V.S.A. § 317(c)(5) which provides:

> The following public records are exempt from public inspection and copying:
>
> *       *       *
>
> (5) records dealing with the detection and investigation of crime, including those maintained on any individual or compiled in the course of a criminal or disciplinary investigation by any police or professional licensing agency; provided, however, records relating to management and direction of a law enforcement agency and records reflecting the initial arrest of a person and the charge shall be public.

Plaintiff contends that for reasons of public policy, this exception must be limited to the duration of the investigation itself. Since any investigation of Mr. McMullen ended with his death, Plaintiff argues that there is no basis for a continuing exception to disclosure. Plaintiff makes a related textual argument that the phrase "compiled in the course of a criminal investigation" means that the exception is limited to the duration or "course" of the investigation.[3]

The court rejects these arguments. The language of the exemption contains no time limit. The exemption for records "maintained on any individual" contemplates an open-ended period of confidentiality during which law enforcement may compile information on a suspect. The exceptions to the APR include provisions which are time-limited, such as the exception for matters in civil litigation which expires at the end of the case, and the exception for tax credits which become public when the credits are officially certified. See 1 V.S.A. § 317(c)(16), (22). The absence of an express temporal limit for law enforcement records indicates that the legislature intended the exception to be permanent.

The court is not persuaded by the argument that the phrase "records . . . compiled in the course of a criminal or disciplinary investigation" means that the exception lasts only as long as the investigation. *Compiled in the course of an investigation* describes the type of police records which are exempt. A record of a federal grant application or a letter responding to a citizen's complaint about police conduct are examples of police records which are beyond the scope of the exception because they are not compiled in the course

---

[3] Plaintiff has mentioned the First Amendment, but has not squarely argued that the State's interpretation of § 317(c)(5) would violate it.

of an investigation.[4]  It strains any conventional reading of the sentence to find that the phrase has a second purpose which is to limit the exception to the period of time the investigation remains open.

The plaintiff's primary objection is that it would prefer a rule of open access to criminal investigations or at least those which have concluded.  This rule would have benefits and costs like any other.  It is not the role of the court to review the legislative decision to create an exception for criminal investigations and decide whether the legislature acted wisely.  The court grants the State's motion for summary judgment because the law contains an express exception for criminal investigations and the records collected and held by the Department of Public Safety are plainly and exclusively records of a criminal investigation.  There are no records which could be released in redacted form.

Certain of the records, those relating to the inquest, also are exempt from access under 1 V.S.A. § 317(c)(1) which applies to "records which by law are designated confidential." Inquest records are confidential.  13 V.S.A. § 5134; *State v. Alexander*, 130 Vt. 54, 60 (1971) ("The language [of § 5134] is plain and clear that secrecy is mandated.").

The only exceptions to the court's ruling are the press release and the print-out of the website.  Although these have found their way into an investigative file, they are records "relating to management and direction of a law enforcement agency" and are not covered by the criminal investigation exception.

CONCLUSION

The court denies the plaintiff's motion for summary judgment and grants the State's motion for summary judgment in all respects except as noted above.

Dated:                                                          _____
                                                                Geoffrey Crawford,
                                                                Superior Court Judge

---

[4] These examples might also become public under the "management" exception to the exception (the grant application) and might be excluded from disclosure under exception 7 for personal documents (a response to a complaint about an officer's conduct).  The point is that not every law enforcement record falls within the scope of § 317(c)(5).  The phrase distinguishes the core, protected area of criminal investigation from the many other documents generated by a law enforcement agency which are subject to public review.