Mylan Technologies, Inc. v. Zydus Noveltech, Inc., No. S0041-09 CnC (Crawford, J., Oct. 22, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No.: S0041-09 CnC |

MYLAN TECHNOLOGIES, INC.
and MYLAN INC.

v.

ZYDUS NOVELTECH, INC., SHARAD K. GOVIL,
CADILA HEALTHCARE, LTD., PANKAJ PATEL and
SUNIL ROY

### DECISION ON MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL

Defendants Cadila Healthcare, Ltd., Pankaj Patel, and Sunil Roy (the "Indian defendants") move pursuant to V.R.A.P. 5(b) to take an interlocutory appeal of the court's August 9, 2012 Decision denying the Indian defendants' motion for judgment on the pleadings. Familiarity with that ruling is presumed.[1]

The court begins with Rule 5(b)'s time limit for parties seeking interlocutory appeals. The Rule requires such motions to be filed "within 10 days after the entry of the order or ruling appealed." V.R.A.P. 5(b). Mylan asserts that the ruling that the Indian defendants seek to have reversed on appeal is the court's October 26, 2011 denial of the Indian defendants' motion to dismiss for lack of service, in which the court allowed Mylan additional time to complete service. The Indian defendants' August 23, 2012 Rule 5(b) motion was plainly not filed within ten days of that ruling. The court concludes that the Indian defendants' motion is nevertheless timely. Although the statute-of-limitations question was an implicit undercurrent in the earlier sparring over service of process, the question was not explicitly before the court until the Indian defendants raised it in their April 24, 2012 Rule 12(c) motion. The Indian defendants' Rule 5(b) motion was filed within ten days—as calculated pursuant to V.R.C.P. 6(a)—of the court's August 9, 2012 decision on the Rule 12(c) motion, and is therefore timely.

Under Rule 5(b), the Indian defendants must show three elements to obtain an interlocutory appeal: "(1) the ruling to be appealed must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion on that question of law; and (3) an immediate appeal must materially advance the termination of the litigation." *State v. Jenne*, 156 Vt. 283, 288 (1991) (quoting *State v. Wheel*, 148 Vt. 439, 440 (1987)). Here, the gist of the questions the Indian defendants seek to pose to the Supreme Court are:

---

[1] The decision is available at http://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2012-8-20-1.pdf.

(1) Whether the standards of Rule 6(b)(2) were met in this case;

(2) Whether Mylan's failure to file a formal Rule 6(b)(2) motion makes a Rule 6(b)(2) extension unavailable; and

(3) Whether the extension the court granted under Rule 6(b)(2) effectively made service "timely" for the purposes of the rule articulated in *Weisburgh v. McClure Newspapers, Inc.*, 136 Vt. 594, 595 (1979).

For the reasons discussed below, the court concludes that the Indian defendants have not made the showing necessary to obtain an interlocutory appeal.

As to whether the court's ruling involved a "controlling question of law," the focus of the inquiry is on the potential consequences of the order at issue. *In re Pyramid Co. of Burlington*, 141 Vt. 294, 303 (1982). "[A]n order that preordains the outcome of litigation is certainly controlling. . . . [A]n order may [also] be 'controlling' if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." *Id.* This inquiry is therefore closely related to the third prong of the test for interlocutory appeal. See *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (noting tendency to make the "controlling question" requirement one with the "materially advance" requirement).

Evaluating the legal questions in the context of the underlying action, the court concludes that reversal would not have a sufficiently substantial impact on the litigation. First, if the Supreme Court reverses on any of the above questions, it will then be necessary to return to and decide the issues that the court assumed in the Indian defendants' favor, such as the accrual date and the question of which limitations period governs. Moreover, resolution of all of those issues in the Indian defendants' favor would still leave the Indian defendants in the case to defend any portions of Mylan's tortious interference and unfair competition claims that are separate from the trade secrets claim, and thus not subject to the comparatively shorter limitations period in 12 V.S.A. § 523. Even without the Indian defendants, this case will still proceed on numerous counts against Zydus and Dr. Govil. Finally, the court concludes that, rather than materially advancing the termination of this litigation, an interlocutory appeal would only serve to delay it. Whatever time might be saved by resolving the questions above at the appellate level would be minor compared to the amount of time the litigation would be on hold during the appeals process. See *Pyramid*, 141 Vt. at 305–06.

Even if the other two prongs of Rule 5(b)'s test were met, the court also concludes that there is not a substantial ground for difference of opinion on the questions presented. The parties plainly disagree over whether the court's August 9, 2012 decision was correct, but that is by no means determinative. *Pyramid*, 141 Vt. at 306. The court is not convinced that a "reasonable

appellate judge could vote for reversal of the challenged order." *Id*. at 307.  The court exercises considerable discretion when deciding Rule 6(b) motions and—despite the Indian defendants' assertion that Mylan's actions or inactions cannot possibly constitute excusable neglect—the court concludes that its rulings were justified for the reasons stated in its October 26, 2011 decision and in its more recent August 9, 2012 decision.

Similarly, Mylan's failure to file a formal Rule 6(b)(2) motion should not be the end of the inquiry.  As the court explained previously, the better practice would have been to file such a motion, but the excusable-neglect argument in Mylan's opposition to the Indian defendants' motion to dismiss was entirely sufficient to formally raise the issue for the Indian defendants and for the court.  The Supreme Court's note in *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897 n.5 (1990), does not establish that *only* a formal motion pursuant to Rule 7 could suffice to obtain a Rule 6(b)(2) extension.  The Court did state that it would do violence to Rule 6(b) if courts were to treat *all* postdeadline "requests" as "motions," but also suggested that a request with a "high degree of formality and precision" that put the opposing party "on notice that a motion is at issue and the he therefore ought to respond" could suffice.  See *id*.  Mylan's opposition to the Indian defendants' motion to dismiss fits that bill precisely.

Finally, the court turns to whether the extension the court granted under Rule 6(b)(2) effectively made service "timely" for the purposes of the rule articulated in *Weisburgh*.  In support of their argument that a reasonable appellate judge could answer "no," the Indian defendants maintain that several justices already have in the cases of *Hutchins v. Lerch*, No. 2005-172 (Vt. Oct. 2005) (unpublished mem.), available at http://www.vermontjudiciary.org/d-upeo/eo05-172.S.aspx and *Peters v. Benways Transportation*, No. 2004-148 (Vt. Aug. 2004) (unpublished mem.), available at http://www.vermontjudiciary.org/d-upeo/eo04148.aspx.  The undersigned respectfully concludes, however, that with the benefit of full briefing and careful analysis of the relevant precedents, the Supreme Court would reach the same conclusion that this court did in its August 9, 2012 decision.  Fortunately for the Indian defendants, the rules permit them to address their questions at this time to the appellate court.

ORDER

The Indian defendants' motion to take an interlocutory appeal of the court's August 9, 2012 Decision denying their motion for judgment on the pleadings (filed Aug. 23, 2012) is denied.

Dated at Burlington this ___ day of October 2012.

_____
Geoffrey W. Crawford

3

Superior Court Judge